269 So.2d 770 (1972)
RESOLUTE INSURANCE COMPANY, a Rhode Island Corporation, Appellant,
v.
The STATE of Florida, for the Use and Benefit of DADE COUNTY, Florida, Appellee.
No. 72-355.
District Court of Appeal of Florida, Third District.
December 5, 1972.
Leonard H. Rubin, Miami, for appellant.
Richard E. Gerstein, State's Atty., and Joseph Durant, Asst. State's Atty., for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant, defendant surety company, seeks review of a final judgment of estreature of a bail bond conditioned on the appearance of the principal in Metropolitan Dade County Court. We reverse.
On January 22, 1970, one David Hesselrode, as principal, and the appellant, as surety, entered into a written appearance bail bond in the sum of Five Hundred and Fifty Dollars. Said bond was conditioned upon the principal's appearance in Metropolitan Court for Dade County, Florida, to answer charges of careless driving and driving while under the influence of an intoxicant.
On November 10, 1970, the principal failed to appear in that court to answer the charges, and the appellant surety company failed to produce him. The judge of said *771 court thereupon, ordered said bond forfeited under § 903.26, Fla. Stat., F.S.A. Pursuant to that statute, the clerk transmitted the necessary documents to be recorded in the public records of Dade County, Florida, and the state attorney filed a petition for final judgment on the bond forfeiture. Appellant filed a motion to set aside final judgment and discharge surety and alleged that said bond had once before been forfeited but that said order had been vacated due to the principal's incarceration in the state of Georgia. Appellant also alleged that it had received no notice of the date set for the principal's appearance and that the principal was still believed incarcerated in the state of Georgia. The Circuit Court of the Eleventh Judicial Circuit of Florida, solely on the pleadings and without testimony, denied the motion to vacate on February 25, 1972, and this appeal ensued.
Appellant presents two points for our consideration: (1) that the motion to set aside the final judgment of estreature should have been granted when no notice was given nor received by the appellant as provided for by § 903.26(1)(b) Fla. Stat., F.S.A.; and (2) that the earlier order vacating judgment and order of dismissal resulted in the cancelling of the bond pursuant to § 903.31, Fla. Stat., F.S.A. Our determination of the first point makes consideration of the second unnecessary.
Florida Statutes, § 903.26 provides, inter alia:
"(1) A bail bond shall not be forfeited unless:
* * * * * *
"(b) The clerk of court gave the surety at least seventy-two hours' notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within seventy-two hours from the time of arrest or if the time is stated on the bond."
In the case sub judice, there appears nothing of record indicating that the requisite notice was given to the appellant, prior to the forfeiture herein contested. Thus, since forfeitures are not favored at law and since statutes providing for same are strictly construed,[1] the order denying appellant's motion to set aside final judgment and discharge surety is hereby reversed with directions to cancel the bond.
Reversed with directions.
NOTES
[1] See: Ramsey v. State, Fla.App. 1969, 225 So.2d 182. See also: Boyle v. State, Fla. 1950, 47 So.2d 693; City of Miami v. Miller, 148 Fla. 349, 4 So.2d 369.