282 So.2d 32 (1973)
Jim BAILEY and J.J. Lane, Appellants,
v.
STATE of Florida, Appellee.
No. R-210.
District Court of Appeal of Florida, First District.
August 16, 1973.
*33 Joseph A. St. Ana, Jacksonville, for appellants.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
NESBITT, Associate Judge.
Appellants, who are bail bondsmen, seek review of a money judgment entered against them upon an estreated surety bond. The determinative point is whether they had notice to produce a defendant whose appearance they secured.
The defendant Kelly was arrested in St. Johns County upon felony charges. His family contacted appellant Lane who operated as a bail bondsman in Duval County and engaged him to post bond for the defendant. Lane accepted the premium and agreed to the undertaking. Lane then contacted appellant Bailey who acted as his corresponding bail bondsman in St. Johns County for the same surety company with the request that he execute the bond for the defendant. As an accommodation to Lane, Bailey alone signed and executed the bond but received no portion of the premium.[1] Before an appearance was required Bailey moved to Alachua County but left no forwarding address with the postal authorities or with the clerk of the court where the bond was returnable. When the defendant's appearance was required before the court the clerk transmitted written notice thereof to Bailey via United States mail, at the mailing address he had furnished the clerk. As might be expected, the letter was never received by Bailey. When the surety failed to produce the defendant as required by the notice, the bail was estreated and a capias issued for the defendant's re-arrest.
Florida Statute 903.26(1) (b), F.S.A., mandates that the clerk of the court give a surety notice of a defendant's required appearance except under stated conditions. That statute is silent with respect to the form of notice required or the manner in which it is to be served. The consistent view of such a statute is expressed in Johnson Service Co. v. Climate Control Contr., Inc., 478 S.W.2d 643, 645 (Tex. Civ.App. 1972):
"It is settled that when the Legislature requires the giving of notice, but does *34 not expressly direct the manner of giving notice, the person to be informed must receive actual notice before it will be effective."
Because of the familiar rule that statutes providing for forfeitures are strictly construed, Boyle v. State, 47 So.2d 693 (Fla. 1950), we must presume that in the enactment of Section 903.26(1) (b), supra, the Legislature intended the highest form of notice to be afforded a bondsman.[2]
The judgment appealed from is reversed with directions to discharge the forfeiture and cancel the bond.
RAWLS, C.J., and JOHNSON, J., concur.
NOTES
[1] Ordinarily a bondsman in Lane's position would be precluded by F.S. 903.33, F.S.A., from seeking discharge from forfeiture since he did not disclose his interest as indemnitor in the bond as required by F.S. 903.14, F.S.A.
[2] We have not overlooked F.S. 648.42, F.S.A., which requires a bondsman to register annually with the sheriff or the circuit court clerk, but note that registration is not made a vehicle for notification. We are likewise aware of the obiter dictum expressed in Ramsey v. State, 225 So.2d 182 (Fla.App.2d 1969), that notice under F.S. 903.26(1) (b), F.S.A., be in writing. Utilization of the foregoing will not create presumptive notice in absence of Legislative direction.