289 So.2d 454 (1974)
RESOLUTE INSURANCE COMPANY, Appellant,
v.
The STATE of Florida, for the Use and Benefit of DADE COUNTY, Appellee.
No. 73-593.
District Court of Appeal of Florida, Third District.
January 8, 1974.
Rehearing Denied February 12, 1974.
*455 Leonard H. Rubin, Miami, for appellant.
Richard E. Gerstein, State's Atty., and Joseph Durant, Asst. State's Atty., for appellee.
Before HENDRY and HAVERFIELD, JJ., and MARTIN, HENRY F., Jr., Associate Judge.
PER CURIAM.
Appellant-defendant surety company seeks review of a final judgment of estreature of an appearance bond and an order denying its motion to vacate final judgment and discharge surety.
On February 20, 1971 one Joseph W. Bates, as principal, and the appellant, as surety, entered into a written appearance bail bond in the sum of One Thousand One Hundred ($1,100.00) Dollars. Said bond was conditioned upon the principal's appearance in Metropolitan Court for Dade County, Florida to answer charges of (1) careless driving, (2) driving while under the influence of alcoholic beverage, narcotic drugs, barbituates, and (3) leaving scene of accident involving other property. On April 13, 1971 Bates failed to appear in that court to answer the charges and the appellant surety company failed to produce him. Upon motion of the state attorney, the trial judge ordered said bond forfeited pursuant to Fla. Stat. § 903.26, F.S.A. In accordance therewith, the clerk of the trial court transmitted the bail bond, power of attorney, certificate and order of forfeiture to the clerk of the circuit court to be recorded in the Public Records of Dade County, Florida. The state attorney then filed a petition for final judgment on the bond estreature. The circuit court judge entered a judgment for $1,100.00 plus costs in favor of the plaintiff, the State of Florida, against the appellant surety company on June 30, 1971. Thereafter, on August 2, 1971 the appellant filed a motion to vacate final judgment and discharge surety in which it alleged that Bates did not appear because he was incarcerated in the Fort Meyers City Jail, Lee County, at the time he was supposed to appear. In response thereto, the circuit court judge on September 10, 1971 entered an order vacating and setting aside the order of forfeiture and the final judgment of June 30, 1971 and dismissed the cause.
Thereafter, on December 2, 1971 the state attorney set the defendant Bates again for trial. Bates failed to appear and appellant surety company failed to produce him. A second forfeiture was entered and on February 29, 1972 the circuit court entered a final judgment on this forfeiture. Thereupon, appellant surety company filed again a motion to vacate final judgment and discharge in which it contended that the bond was cancelled as a result of the circuit court's order of September 10, 1971. After hearing argument of counsel for the respective parties, the circuit court judge denied appellant surety's motion.
On appeal, appellant contends that the earlier (i.e. September 10, 1971) order vacating judgment and order of dismissal in the prior cause resulted in the cancelling of the bond. We cannot agree.
After a careful reading of the order vacating judgment and order of dismissal of *456 September 10, 1971, we find that appellant surety was not discharged thereby, but merely was exonerated during the period of detention of defendant Bates in the Fort Meyers jail. See 6 F.L.P. Criminal Law § 281 (1957).
An order of forfeiture and final judgment which are vacated and set aside by the circuit court as in the case sub judice, does not discharge the surety company or cancel the appearance bond of record in the trial court; the parties are restored thereby to the original status quo as if the bail bond had never been forfeited nor the final judgment entered thereon. Upon failure to comply thereafter with the terms of said bond, a second order for forfeiture may be entered. See 8 C.J.S. Bail § 89 (1962).
Accordingly, the order and judgment herein appealed must be and hereby is affirmed.
Affirmed.