331 So.2d 331 (1976)
Robert CAIVANO and Bankers Fire and Casualty Insurance Company, Appellants,
v.
STATE of Florida and Collier County, Florida, Appellees.
No. 75-1170.
District Court of Appeal of Florida, Second District.
May 5, 1976.
*332 Steadman S. Stahl, Jr., of Varon, Stahl & Kay, Hollywood, and Archie Odom, Punta Gorda, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Tampa, Asst. Atty. Gen., for appellee State of Florida; David Emerson Bruner, Naples, for appellee Collier County.
BOARDMAN, Judge.
This timely appeal concerns the propriety of a bond estreature and forfeiture. The facts are essentially as follows:
The litigation arose initially when the state filed a two-count information charging appellant, Robert Caivano, with violation of the narcotic drug laws. He was subsequently convicted of both offenses and sentenced on each count to some three years to run concurrently. The judgment and sentence were appealed to this court and on October 25, 1973, we remanded the cause for proper sentencing, said sentencing being in violation of the same transaction rule.[1] On remand for the imposition of the proper sentence, in accordance with our opinion, the proceedings in the trial court, which were originally set for November 20, 1973, were continued until February 11, 1974. During that interim rescheduling period appellant filed a motion for mitigation of sentence. On February 11, 1974, the trial court placed Caivano on probation for a period of three years. The state appealed this ruling of the trial court and the cause was presented to us for the second time.
In this second appeal, we remanded the cause to the trial court for imposition of sentence in accordance with our original mandate of October 25, 1973.[2] Whereupon, the trial court issued an order of arrest which commanded the sheriffs, constables and any investigator of the state attorney's office to bring Caivano before the court for sentencing.
While the second appeal was pending an affidavit was filed on August 29, 1974, alleging that Caivano had violated the terms and conditions of probation. On September 16, 1974, an order was entered by the Circuit Court in Broward County permitting Caivano to be released upon posting bond in the amount of $100,000 for violation of probation. The bond was posted and Caivano was released from custody. Said bail bond was executed on September 25, 1974, by Caivano and appellant, Bankers Fire and Casualty Insurance Company (Bankers). Subsequently, the order of arrest, *333 hereinabove referred to, was received by the attorney for Caivano and the attorney for Bankers.
The order of arrest directed Caivano to appear before the circuit judge in Collier County on June 18, 1975, to be sentenced in accordance with our mandate of October 25, 1973. On June 18, 1975, the appellant having failed to appear as ordered, in open court the circuit judge estreated the bond of $100,000 that had been posted for the appearance of Caivano to answer to the charge of "vio. probation." The estreature was ordered over objection of counsel for Caivano. On the following day, the court entered a certificate and order of forfeiture of appearance bond and a judgment of forfeiture of the bond was rendered.
Subsequently, counsel on behalf of Caivano and Bankers filed a motion to set aside this forfeiture. At the hearing on the said motion held on July 18, 1975, a representative of the circuit court clerk testified that the clerk's office had not sent a notice to Bankers directing appearance of Caivano in court to answer to the charge of "vio. probation" as provided in the bond. The representative also testified that the only notice sent to the bonding company by the clerk's office was contained in the order of arrest which only directed that certain law enforcement officers bring Caivano before the court for sentencing. Notwithstanding, the circuit court entered its order denying Bankers' motion to set aside the forfeiture and this appeal followed.
Appellants have raised three points for our consideration. In view of our decision, we deem it necessary to discuss only one point, that is, the failure of a clerk's office to give the requisite statutory notice afforded the surety of a bail bond in producing a defendant to answer charges set forth in the bond before estreature and the entry of judgment of forfeiture.
Florida Statutes, Section 903.26, provides, in pertinent part, as follows:
(1) A bail bond shall not be forfeited unless:
* * * * * *
(b) The clerk of court gave the surety at least seventy-two [72] hours' notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within seventy-two [72] hours from the time of arrest, or if the time is stated on the bond.
As the above-recited facts, which are entirely supported by the record, disclose, the surety, Bankers, was not given notice that Caivano's appearance was for the purpose as set out in the bail bond, i.e. "vio. probation." The order of arrest which Bankers' attorney had notice of only directed that Caivano appear in court to be sentenced in accordance with our mandate of October 25, 1975. This notice was insufficient and is contrary not only to statutory law, but to case precedent regarding forfeiture.[3] In this case, as stated above, the record fails to show that the requisite notice was ever given to Bankers prior to the contested forfeiture. It is a well established principle of law that forfeitures are not favored at law; and, thus, statutes providing for them are strictly construed.[4]
*334 We conclude that the order denying Bankers' motion to set aside the certificate and order of forfeiture of appearance bond and judgment of forfeiture of bond are hereby
REVERSED with directions to set aside the estreature and forfeiture. The said bond shall remain in effect. The cause is remanded to the trial court for further proceedings consistent with this opinion.
HOBSON, A.C.J., and SCHEB, J., concur.
NOTES
[1] Caivano v. State, Fla.App.2d, 1973, 276 So.2d 245.
[2] State v. Caivano, Fla.App.2d, 1974, 304 So.2d 139.
[3] In State for the Use and Benefit of Dade County v. All Florida Surety Co., Fla. 1952, 59 So.2d 849, the Supreme Court of Florida said: "This Court has repeatedly held that the offense charged must be stated in the appearance bond and that the liability of a surety is not to be extended beyond the terms of his contract and to that extent he is bonded... ."
[4] Williams v. Stack, Fla.App. 4th, 1972, 269 So.2d 771; Ramsey v. State, Fla.App. 2d, 1969, 225 So.2d 182; Boyle v. State, Fla. 1950, 47 So.2d 693; City of Miami v. Miller, 1941, 148 Fla. 349, 4 So.2d 369.