PER CURIAM.
Appellant contends the trial court erred in relieving Flint’s surety from forfeiture of an appearance bond. We agree and reverse.
Criminal charges were brought against Russell Flint in Lee County. He posted a surety bond to guarantee his appearance. The surety was directed to produce Flint for arraignment on March 10, 1975, in accordance'with Section 903.26(l)(b), Florida Statutes (1973).[1] On the appointed day Flint did not appear in court but his bondsman Neil Wroblewski did. Instead of declaring the bond estreated at that time, the trial judge orally instructed the bondsman to produce Flint on April 7, 1975, and arraignment was continued until that date. The trial court did not order the clerk of the court to send, nor did the clerk cause to be sent, written notice to the surety that Flint had to appear on April 7. See Section 903.26(l)(b), Florida Statutes (1973). When Flint did not appear on that date the trial judge ordered the bond estreated. The record reflects that Flint was subsequently located and transported to Lee County by the Lee County Sheriff’s Office. The record further reflects Flint was tried by jury and acquitted of the charges against him.
In November 1976, Flint’s surety filed a motion to cancel the forfeiture and discharge the bond. At the hearing on the motion the state argued that since more than one year had passed since the bond was forfeited, the surety was not entitled to a remission of the forfeiture pursuant to *483 Section 903.28(1), Florida Statutes (1973).[2] The court ruled that by failing to issue the statutorily required notice to the surety to produce Flint for arraignment on April 7, 1975, when the bond was estreated, it was an invalid estreature and, as such, the one year time limitation embodied within Section 903.28(1), Florida Statutes (1973), did not apply. The trial court granted the surety’s motion and ordered the county commission to issue a check to the surety representing the forfeiture previously paid by the surety, less the cost incurred by the sheriff’s department in transporting Flint back to Lee County.
The state argues that the trial court’s oral instruction to the surety on March 10 to produce Flint for arraignment on April 7 satisfied the notice requirement of Section 903.26(l)(b), Florida Statutes (1973), thereby validating the forfeiture of the bond and making the one year time limitation of Section 903.28(1) Florida Statutes (1973), applicable to the surety. We feel the State’s position is well taken.
Section 903.26(l)(b), Florida Statutes (1973), is silent with respect to the form of notice required or the manner in which it is to be served. It merely provides that the clerk of the court give the surety notice of the defendant’s required appearance, except under stated conditions not applicable to the instant case. In Bailey v. State, 282 So.2d 32, 34 (Fla.1st DCA 1973), the court stated that the surety was entitled to “the highest form of notice,” and cited with approval the following rule expressed in Johnson Service Co. v. Climate Control Contr., Inc., 478 S.W.2d 643, 645 (Tex.Civ.App.1972):
It is settled that when the Legislature requires the giving of notice, but does not expressly direct the manner of giving notice, the person to be informed must receive actual notice before it will be effective. (Emphasis supplied.)
Here it is uncontroverted that when Flint failed to. appear on March 10, as required by law and the bond he had posted, the surety was orally instructed by the trial judge to produce Flint for arraignment on April 7. The surety was thereby placed upon actual notice to produce the defendant on April 7. We hold that, under these circumstances, the notice requirement of Section 903.-26(l)(b), Florida Statutes (1973), was satisfied.
Appellant’s reliance on dicta in Ramsey v. State, 225 So.2d 182 (Fla.2d DCA 1969), that the notice under Section 903.26 must be in writing is misplaced. Ramsey did not involve a situation, as we have here, where the bondsman himself was before the court and received actual notice to produce the defendant at a stated time.
Reversed and remanded for proceedings consistent with this opinion.
HOBSON, A. C. J., and GRIMES and SCHEB, JJ., concur.

. Forfeiture of the bond; when and how directed; discharge; how and when made; effect of payment. — (1) A bail bond shall not be forfeited unless:
* * * * * })«
(b) The clerk of court gave the surety at least seventy-two hours’ notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within seventy-two hours from the time of arrest or if the time is stated on the bond.

. Remission of forfeiture; conditions. — (1) Within one year after forfeiture, the court may direct a partial or complete remission for reasonable cause. On application within one year from forfeiture, the court shall order remission if it determines that there was no breach of the bond. If the surety apprehends and surrenders the defendant within one year from forfeiture, the court shall order the forfeiture remitted unless the delay has thwarted the proper prosecution of the defendant.