369 So.2d 443 (1979)
Kenneth A. SCHAEFER and Allied Fidelity Insurance Company, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1682.
District Court of Appeal of Florida, Third District.
April 10, 1979.
*444 Frigola & DeVane, Marathon, for appellant.
Jim Smith, Atty. Gen., for appellee.
Before HENDRY, BARKDULL and HUBBART, JJ.
PER CURIAM.
Appellants seek review of a money judgment entered against them upon an estreated bail bond and an order denying application for remission of bond forfeiture.
The determinative point on appeal is whether appellants had proper notice to produce a defendant whose appearance they secured.
The defendant, John Beyer was arrested in Monroe County for violation of probation and incarcerated in Monroe County Jail. On July 12, 1978 Beyer and his attorney were informed in writing of a hearing to be held on July 24, 1978. On July 20, 1978 appellants caused the defendant to be released from jail upon their surety bond.
The arrest card of the Monroe County Sheriff indicated that the appearance date for Beyer was to be announced. Beyer did not advise appellants of the hearing date on the 24th of July. Beyer failed to appear for the hearing on July 24th. Whereupon the court orally entered an order of estreature. On August 31st a written order was entered.
No notice of appearance for July 24th was sent to the appellants prior to the July 24th hearing date. On July 26th appellants were informed of the oral estreature order of July 24th.
Thereafter appellants located Beyer and surrendered him to the sheriff of Monroe County. Appellants timely filed an application for remission of forfeiture with an accompanying affidavit.
The trial court denied appellants' application. The court stated in its order:
"THIS COURT acknowledges receipt of an Application For Remission of Bond Forfeiture signed by Kenneth Schaefer although same was not noticed for hearing. Upon examination of the file and records of the case, the Court finds that oral notice of the hearing on July 24, 1978 was given to Defendant and his counsel in open Court on July 12, 1978; that written notice of said hearing was forwarded to Defendant in the Monroe County Jail on July 12, 1978, as well as his attorney; and that no bondsman was involved in this case prior to July 20, 1978. This Court has previously advised petitioner's office that official information as to Court proceedings are contained in the case files maintained by the Clerk of this Court and that any information obtained from records in the Monroe County Jail as to scheduled appearances would not be controlling. This shall serve as a re-statement of the policy of this Court that bail bondsmen shall be considered constructively noticed of duly noticed and pending appearances scheduled of record at the time a defendant is released from jail on bond."
Appellants contend that since they did not receive notice of the date of the defendant's hearing the trial court erred in entering the judgment. We agree and reverse.
The law is well settled that the surety bail bondsman must receive actual notice of the required appearance of a defendant. Section 903.26, Florida Statutes; Resolute Insurance Company v. State, 269 So.2d 770 (Fla. 3d DCA 1972); Bailey v. State, 282 So.2d 32 (Fla. 1st DCA 1973); Bankers Fire and Casualty Company v. State, 303 So.2d 39 (Fla. 1st DCA 1974), and Caivano v. State, 331 So.2d 331 (Fla. 2d DCA 1976).
The judgment and order appealed are reversed.