370 So.2d 1236 (1979)
Charles P. WEAVER, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1361.
District Court of Appeal of Florida, Second District.
May 16, 1979.
Steven Carta of Smith & Carta, Fort Myers, for appellant.
James G. Yaeger, County Atty., Fort Myers, for appellee.
GRIMES, Chief Judge.
This appeal involves the question of whether the court could decline to cancel a *1237 bail bond after having set aside a prior forfeiture for failure to comply with Section 903.26(2), Florida Statutes (1977).
Appellant, as authorized agent for Accredited Surety & Casualty Co., Inc., issued a $1,500 bail bond to secure the appearance of Stephen Zul in circuit court to answer a charge of grand theft. Appellant was properly notified of the time when Zul was scheduled to appear for his arraignment. When Zul failed to appear at the appointed time the court ordered the bond forfeited. Appellant later filed a motion to set aside or remit forfeiture on the ground that he had not been notified in writing within seventy-two hours after the forfeiture pursuant to Section 903.26(2), Florida Statutes (1977). The state admitted that it had failed to send written notice of forfeiture to either appellant or his surety company within seventy-two hours of the forfeiture, but pointed out that the appellant must have learned of the forfeiture at some point since he had already paid it.
Because of the failure to comply with the statute, the court entered an order "setting aside the estreature" but providing that the bond should remain in full force and effect. Further, the court once again ordered Zul to appear at a time certain. Appellant moved for rehearing upon the ground that Section 903.31, Florida Statutes (1977), mandated cancellation of the bond. Following a hearing at which no evidence was presented, the motion was denied. After Zul once again failed to appear as directed, the court declared a second forfeiture of the bond. This time written notice of the nonappearance and forfeiture was timely mailed to appellant and his surety company.
The pertinent statutes which must be considered are set forth below:
903.26 Forfeiture of the bond; when and how directed; discharge; how and when made; effect of payment.

(1) A bail bond shall not be forfeited unless:
(a) The information, indictment, or affidavit was filed within 6 months from the date of arrest, and
(b) The clerk of court gave the surety at least 72 hours' notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within 72 hours from the time of arrest or if the time is stated on the bond.
(2) If there is a breach of the bond, the court shall declare the bond and any bonds or money deposited as bail forfeited and shall notify the surety agent and surety company in writing within 72 hours of said forfeiture. The forfeiture shall be paid within 30 days.
.....
903.31 Canceling the bond. When the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled. Conviction or acquittal of the defendant will satisfy a bond unless the court otherwise provides in the judgment.
Appellant argues that the order setting aside the first forfeiture was equivalent to a discharge or remission of the forfeiture which required the bond to be canceled under Section 903.31. We cannot agree.
Surely one purpose of Section 903.26(2) is to insure that the bondsman and the surety company will receive prompt notice of a bond forfeiture so that they may pay the bond in a timely fashion. Another purpose may be to promptly alert them of the defendant's failure to appear so they can commence their efforts to locate him. Thus, the failure to give the statutory notice of forfeiture which prejudices a bondsman's ability to take the defendant into custody could constitute good cause to remit the forfeiture under Section 903.28, Florida Statutes (1977). But it would be illogical to conclude that the bondsman and his surety company are automatically relieved of their obligation under the bond in every case simply because of the failure to give the statutory notice of a forfeiture which has already occurred. Here appellant made no showing that he was prejudiced by the failure to receive the written notice of the forfeiture.
The cases cited by appellant in which bonds have been cancelled upon a discharge *1238 of a forfeiture all involved situations in which the bondsman had not been given written notice under Section 903.26(1) of when the defendant was required to appear. Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969); Bailey v. State, 282 So.2d 32 (Fla. 1st DCA 1973); Resolute Insurance Co. v. State, 269 So.2d 770 (Fla. 3d DCA 1972). The case of Resolute Insurance Co. v. State, 289 So.2d 454 (Fla. 3d DCA 1974), is more nearly on point. In that case the bail bond had been forfeited because of the failure of the defendant to appear. Thereafter the forfeiture was set aside because the surety company demonstrated that the reason for the defendant's absence was that he was in jail in another county at the time. The court then set a new date for the defendant's appearance. The defendant again failed to appear, and a second forfeiture was entered. Our sister court rejected the contention that the bond had been cancelled as a result of the order which set aside the first forfeiture.
Despite the absence of specific statutory authority, we hold that the court could properly set aside the forfeiture for failure to comply with Section 903.26(2) without cancelling the bond when the bondsman failed to show prejudice. In setting aside the forfeiture but directing that the bond should continue in force, the court simply preserved the status quo and gave appellant another opportunity to secure Zul's appearance. When Zul failed to heed the new order to appear, the court properly caused the bond to be forfeited once again.
AFFIRMED.
RYDER and DANAHY, JJ., concur.