380 So.2d 539 (1980)
William Robert RYAN (al Estes Bonding Company), Appellant,
v.
STATE of Florida, Appellee.
No. 78-1808/T2-2.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
*540 B. Robert Ohle, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
COBB, Judge.
This is an appeal from a trial court order denying a motion to set aside a bond estreature. It requires interpretation of the 1977 amendment to § 903.26(2), which added the following italicized words:
If there is a breach of the bond, the court shall declare the bond and any bonds or money deposited as bail forfeited and shall notify the surety agent and surety company in writing within 72 hours of said forfeiture. The forfeiture shall be paid within 30 days.
Subsection (1)(b) of § 903.26 provides that a bail bond shall not be forfeited in the absence of 72 hour advance notice to the surety of a court date. This subsection has been construed to require actual notice. Schaefer v. State, 369 So.2d 443 (Fla.3d DCA 1979); Bailey v. State, 282 So.2d 32 (Fla.1st DCA 1973). The burden of showing compliance with this advance notice requirement is on the state. Bankers Fire & Casualty Co. v. State, 303 So.2d 39 (Fla.1st DCA 1974); Resolute Insurance Company v. State, 269 So.2d 770 (Fla.3d DCA 1972).
In the instant case, there is no record showing that the post-forfeiture notice was given. Therefore, appellant argues from analogy with Bankers and Resolute, the forfeiture must be set aside.
The difficulty with this argument is that subsection (1)(b) of the statute expressly proscribes forfeiture in the absence of advance notice by the clerk to the surety, whereas subsection (2), as amended, is silent as to the consequences of a post-forfeiture notice failure. When a surety is given proper notice to produce a defendant, for whom it is legally responsible and for whom it has intervened in the case, that surety knows it is subject to forfeiture at the time of the failure of appearance. There is no logical reason for the requirement of additional written notice at all; the forfeiture occurs in open court and is a matter of public record. To preclude forfeiture each time a surety or its agent denies actual receipt of a post-forfeiture notice  and they may effectively insulate themselves from notice as occurred in Bailey  would be to emasculate the forfeiture law. It would be inimical to the interest of the public for there would be no effective recourse or motivation for the return of bond-jumping defendants to custody. If the legislature had intended this drastic result, it could have achieved it by an express statement that in the absence of the notice the forfeiture would be nullified. It did not elect to do so, and neither should this court.
It is logical and consistent with the language of subsection (2) of the statute to interpret the post-forfeiture notice as reasonable notice which serves as the inception of the running of the 30-day period for payment. At the very least, there should be a showing of prejudice made by the *541 bondsman or surety before the trial court to avoid forfeiture. Weaver v. State, 370 So.2d 1236 (Fla.2d DCA 1979).
Whether or not this court would follow the stringent interpretation of the pre-forfeiture notice requirement of § 903.26(1)(b) as expressed in Schaefer and Bailey need not be decided at this time. Cf. Ramsey v. State, 225 So.2d 182 (Fla.2d DCA 1969).
In accordance with the foregoing, the order of the trial court is affirmed.
SHARP, J., concurs.
DAUKSCH, C.J., concurs in conclusion only.