ORFINGER, Judge.
Appellant bondsman appeals a judgment based upon a bail bond estreature.
Bond had been posted by appellant for a criminal defendant who did not appear in court after notification of his appearance date. Because of the non-appearance, the trial judge estreated the bond on January 2, 1979. Written notice of the estreature was mailed to appellant on January 4, 1979 and received by him January 8, 1979. He contends that the judgment based on the es-treature is invalid because he did not receive notice thereof within 72 hours of the forfeiture, and that the trial judge erred in refusing to set aside the judgment, relying on section 903.26(2), Florida Statutes (1977).[1]
The case of Ryan v. State, 380 So.2d 539 (Fla. 5th DCA 1980) is dispositive of this appeal. In Ryan, it was held that the complete absence of a post-forfeiture notice did not invalidate the forfeiture. Here, the post-forfeiture notice was sent within 72 hours of the forfeiture, so the fact that the bondsman did not receive the notice until after the 72 hour period does not affect the result. As did Ryan, we point out that we are discussing only the post-forfeiture notice mentioned in subsection (2) of the statute and not the pre-forfeiture notice of subsection (l)(a).
Finding no error, the judgment is
AFFIRMED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, J., concur.

. § 903.26(2), Fla.Stat. (1977): If there is a breach of the bond, the court shall declare the bond and any bonds or money deposited as bail forfeited and shall notify the surety agent and surety company within 72 hours of said forfeiture. The forfeiture shall be paid within 30 days.