404 So.2d 384 (1981)
The ESTATE OF David MALTIE; and Gilbert Surety Services and Bankers Insurance Company, and Bonding Agent, Appellants,
v.
STATE of Florida, Appellee.
No. 80-1842.
District Court of Appeal of Florida, Fourth District.
September 30, 1981.
Rehearing Denied October 28, 1981.
*385 James K. Pedley, Fort Lauderdale, for appellants.
Jim Smith, Atty. Gen., Tallahassee and Robert L. Bogen, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a final order denying a motion for remission of forfeiture filed pursuant to Section 903.28, Florida Statutes (1979).
David Robert Maltie was arrested March 2, 1979, and charged with a crime. On March 3, 1979, Gilbert Surety Services and Bankers Insurance Company posted a $100,000 surety bond, assuring the defendant's appearance. David Damore, Esquire, filed his appearance as counsel for Maltie on March 16, 1979.
In July, 1979, Damore filed a motion to withdraw as counsel for Maltie because he was unable to locate his client and expressed doubt that Maltie would appear as required. The State thereupon moved the court to increase Maltie's bond. A hearing was scheduled for September 25, 1979, on the pending motions, but neither Maltie nor Damore appeared. Accordingly, the trial court instructed the clerk to notify the bonding company of a new hearing which he scheduled for October 1, 1979. Neither Maltie, Damore, nor the bonding company appeared on October 1st and the trial court ordered estreature and forfeiture of the bond and issuance of a capias for Maltie's arrest. On October 31, 1979, the bonding company paid the $100,000 principal amount of the bond.
This aspect of the proceeding was commenced on July 25, 1980, when appellants filed a motion for remission of the forfeiture, essentially on the ground that there was no breach of the bond in that the State had not complied with the provisions of Section 903.26(1)(b), Florida Statutes (1979). The thrust of appellants' motion was that the bonding company was not given the 72 hour notice required by the aforesaid section, nor was the notice adequate to apprise the company that the bond would be forfeited if the defendant was not present.
In pertinent part, Section 903.26 provides that:
(1) A bail bond shall not be forfeited unless:
* * * * * *
(b) The clerk of court gave the surety at least 72 hours' notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant.
*386 Failure to furnish this notice as required by statute invalidates an order of estreature and forfeiture. Caivano v. State, 331 So.2d 331 (Fla.2d DCA 1976).
The evidence adduced at the September 25, 1979, hearing most strongly indicates that the clerk mailed the written notice to the bonding company on the afternoon of Thursday, September 26, 1979, for the hearing to be held at 8:45 Monday, October 1st. Eliminating the intervening Saturday and Sunday, the notice does not comply with the time requirements of the statute.
Next, we agree with the appellants that the form of the notice is sufficiently ambiguous to confuse the company into believing that the defendant's presence at the hearing was not required. The notice was a printed form utilized for notification of defendants to be present at arraignment. Thus, it instructs the defendant to be in court at a specified time and date "to determine if counsel has been retained. Failure to appear or appearance of counsel filed will result in a Bond Estreature, and a Capias being Ordered." In another part of the printed form the clerk had typed the words, "STATE'S MOTION TO INCREASE BOND & DEF. COUNSEL MOTION TO WITHDRAW." The bonding agency witness testified he received the notice but did not realize forfeiture would result from failure to produce the defendant. This seems entirely reasonable because the notice said essentially the defendant must be present unless counsel has filed an appearance. As indicated above, counsel for defendant, Mr. Damore, had long since appeared for the defendant.
It is settled law that forfeiture statutes are not favored and such statutes will be strictly construed. City of Miami v. Miller, 148 Fla. 349, 4 So.2d 369 (1941); Boyle v. State, 47 So.2d 693 (Fla. 1950); Ramsey v. State, 225 So.2d 182 (Fla.2d DCA 1969); Resolute Insurance Company v. State, 269 So.2d 770 (Fla.3d DCA 1972); Caivano v. State, 331 So.2d 331 (Fla.2d DCA 1976). Construing Section 903.26(1)(b) strictly, as we are constrained to do, we hold the notice is both untimely and inadequate. Thus, the estreature and forfeiture of the bond were invalid.
The trial judge entered a very detailed order containing a resume of the proceedings which we found very helpful in understanding what transpired below. While we are unable to agree with several of his findings, we commend his efforts which have assisted us in this appellate review.
We note that, although the Estate of David Maltie joined in this appeal, it was never a party to the proceedings below. For this reason it cannot be a party to this appeal, and it is hereby dismissed.
The order appealed from is reversed and the cause is remanded for further appropriate proceedings.
REVERSED AND REMANDED with directions.
DOWNEY and GLICKSTEIN, JJ., and PEARSON, DANIEL S., Associate Judge, concur.