451 So.2d 916 (1984)
Ralph WILEY, II, and Homer F. Ratliff, Dependable Insurance Company, Appellants,
v.
STATE of Florida, Appellee.
No. AU-333.
District Court of Appeal of Florida, First District.
June 1, 1984.
Rehearing Denied June 28, 1984.
*918 Barry L. Zisser of Zisser, Robison, Spohrer, Wilner & Harris, Jacksonville, for appellants.
Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Dependable Insurance Company and its agent, Homer F. Ratliff (hereinafter referred to as the surety), appeal the circuit court's refusal to vacate a final judgment of forfeiture of an appearance bond on which they were obligated as surety. The question presented is whether an order vacating forfeiture for failure to give the surety timely notice of when the defendant had to appear, as required by section 903.26(1)(b), Florida Statutes (1979), operated as a matter of law, by virtue of section 903.31, to cancel the bond and release the surety from further obligation thereon, notwithstanding an express reservation in the order that the surety was not relieved of liability pursuant to the bond. We affirm.
On October 4, 1976, Ralph Wiley was charged with the criminal offense of possession and sale of marijuana. Two days later, Wiley, as principal, and Ratliff and Dependable Insurance Company, as surety, executed an appearance bond in the amount of $25,000, and Wiley was released from custody. On January 5, 1977, Wiley failed to answer a call in open court, a capias was issued, and the bond was revoked. The court did not act on Wiley's failure to appear until March 31, 1980, over three years later, when it entered an order of forfeiture (hereafter referred to as the first order of forfeiture). Shortly thereafter, the surety moved to vacate and set aside this order on several grounds: that the surety did not receive timely notice that the defendant was to appear January 5, 1977, as required by section 903.26(1)(b); that it did not receive notice of the March 1980 hearing on forfeiture of the bond; and that it did not receive a copy of the order of forfeiture until sixteen days after its entry. More than a year later, on September 11, 1981, the court granted the surety's motion and vacated the order of forfeiture, specifically providing that "the surety is expressly not relieved of liability pursuant to the provisions of its bond dated on or about the sixth day of October, 1976." Shortly thereafter, the surety filed a second motion contending that vacation of the order of forfeiture entitled the surety to cancellation and release from liability on the bond as a matter of law. No action was taken on this motion.
In late March 1983, Wiley again failed to appear pursuant to proper notice, and two days later a second order of forfeiture was entered. On April 12, 1983, the surety moved to set aside this second order and to have the surety discharged on the ground that it was entitled to have the bond cancelled by reason of the September 11, 1981, order vacating the first order of forfeiture. On June 15, 1983, that motion was denied and the forfeiture was reduced to final judgment against Wiley and the surety. On June 27, 1983, the surety moved to vacate the final judgment on grounds that it was not in accordance with section 903.26, et seq., Florida Statutes (1981), and that the surety had been prejudiced by the six and one-half years delay between the date of the original bond and the entry of final judgment. No supporting affidavits or other evidence was filed or submitted in support of this motion, and it was denied. Shortly thereafter, the surety moved for reconsideration of its motion to vacate, this time filing the affidavit of an agent for the surety stating the state's delay in prosecuting for six and one-half years between the execution of the bond and the entry of final judgment had prejudiced the surety because it made the task of locating defendant Wiley more difficult. This motion for reconsideration was also denied after the surety had perfected this appeal.
*919 The applicable statute in effect in January 1977, when the defendant first failed to appear, was section 903.26, Florida Statutes (1975), which states:
(1) A bail bond shall not be forfeited unless:
* * * * * *
(b) The clerk of court gave the surety at least seventy-two hours notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant... .
(2) If there is a breach of the bond, the court shall declare the bond and any bonds or money deposited as bail forfeited. The forfeiture shall be paid within thirty days.
Section 903.27, Florida Statutes (1975), states that if the forfeiture is not paid or discharged within thirty days the state attorney shall file a copy of the forfeiture order with the clerk, who shall thereupon enter the judgment against the surety and furnish the surety company a copy of the judgment within ten days. That statute also gives the surety forty-five days within which to file a motion to set aside the forfeiture judgment "for reasonable cause shown."
In addition to the above provisions, section 903.31, Florida Statutes (1979), which was in effect in 1980 when the first order of forfeiture was entered, states:
When the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond cancelled. Conviction or acquittal of the defendant will satisfy a bond unless the court otherwise provides in the judgment.
In 1977, section 903.26(2), Florida Statutes (1977), was amended by adding the requirement that, when declaring a bond forfeited, the court also "shall notify the surety agent and surety company in writing within seventy-two hours of said forfeiture." This statute was in effect in 1980 when the trial court entered the first order of forfeiture based on Wiley's failure to appear in January 1977. There was no such statutory obligation in 1977.
All of the above provisions were in effect when the surety filed its motion in April 1980 to set aside the first order of forfeiture and in September 1981, when the court granted that motion with the proviso continuing the surety's liability on the bond.[1]
Appellants argue that the trial court properly vacated the first order of forfeiture because the surety had not been given notice of the hearing, as required by section 903.26(1)(b), but that the trial court erred in ordering that the surety remain liable on the bond rather than cancelling the bond. This argument is based primarily on the language in section 903.31 providing that when a forfeiture has been "discharged or remitted" then "the court shall order the bond cancelled." The surety contends that since the bond was cancelled by the vacation of the first order of forfeiture the trial court erred in declaring a second forfeiture on the bond in 1983 and in refusing to vacate or set aside the judgment entered thereon. The surety also contends that it was prejudiced by the failure to timely receive notice of the original forfeiture and by the delay between the original undertaking in 1976 and the entry of final judgment in 1983.
Appellants rely primarily on two cases, Resolute Insurance Co. v. State, 269 So.2d 770 (Fla. 3d DCA 1972) [hereinafter referred to as Resolute I], and Bailey v. State, 282 So.2d 32 (Fla. 1st DCA 1973). In those cases, the appellate court reversed the forfeiture judgments because each was entered without the surety having previously been given notice that defendant should appear, as required by section 903.26(1)(b), and both opinions directed that the bonds be cancelled. Appellants contend *920 that notice under section 903.26(1)(b) is a condition precedent to the entry of forfeiture, whereas the failure to give notice of estreature, required by section 903.26(2) is not, citing Allied Fidelity Insurance Co. v. State, 415 So.2d 109 (Fla. 3d DCA 1982) (hereinafter Allied Fidelity I), and argue that the authorities relied upon by the state are inapplicable for this reason. Appellants also urge that forfeiture statutes must be strictly construed and that use of the word "shall" in section 903.31 is mandatory in meaning and, thus, required the trial court to cancel the bond in this case.
In response, the state concedes that the trial court correctly ordered the original forfeiture vacated and set aside for failure to give the surety the required notice of hearing under section 903.26(1)(b). But, the state argues, the trial court was also correct in specifying that the surety would remain liable on the bond because the order vacating forfeiture simply placed the parties in the same position they were in before the forfeiture was ordered and did not operate as a matter of law to cancel the bond. In addition, the state argues, the surety has failed to show sufficient prejudice to support its discharge or remission on the bond.
The state relies primarily upon Resolute Insurance Co. v. State, 289 So.2d 454 (Fla. 3d DCA 1974) (hereinafter referred to as Resolute II). In that case, the defendant failed to appear for hearing, his bond was forfeited, and a judgment was entered on the forfeiture. The surety moved to vacate that judgment and discharge the surety on the ground that the defendant did not appear because he was incarcerated in jail elsewhere and the trial court granted the motion and vacated the forfeiture judgment. Thereafter, the defendant again failed to appear for trial, and a second order of forfeiture and judgment were entered. The surety moved to vacate this judgment on the ground that the discharge of the first forfeiture operated to cancel the bond. The Third District disagreed, holding that the surety was merely exonerated on its bond during the period of the defendant's detention because the order vacating the original forfeiture simply restored the parties to their original status, "as if the bail bond had never been forfeited nor the final judgment entered thereon," and that upon failure to comply thereafter with the terms of the bond a second order of forfeiture may be entered. 289 So.2d at 456. No lack of notice under section 903.26(1)(b) was involved, and the court did not discuss the application or effect of section 903.31.
In Weaver v. State, 370 So.2d 1236 (Fla. 2d DCA 1979), the Second District had occasion to examine the effect of section 903.31 with respect to an order vacating a forfeiture for failure to notify the surety in writing within seventy-two hours after the entry of forfeiture, as required by section 903.26(2). The trial court had set aside estreature of the bond on that ground but had specifically provided in its order that the bond should remain in full force and effect, and set another time for the defendant's appearance. Thereafter, the defendant failed to appear at the second hearing and the bond was again forfeited and the required statutory notice to the surety under section 903.26(2) was given. On appeal, the surety argued that the first order setting aside forfeiture required that the bond be cancelled under section 903.31, but the Second District disagreed. Since the notice required by section 903.26(1)(b) had been timely given, Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969), Bailey v. State, supra, and Resolute I, supra, were expressly distinguished on the ground that these cases "involved situations in which the bondsman had not been given written notice under section 903.26(1) of when the defendant was required to appear." Id., at 1238. Choosing to follow Resolute II, the court in Weaver concluded:
Despite the absence of specific statutory authority, we hold that the court could properly set aside the forfeiture for failure to comply with section 903.26(2) without cancelling the bond when the bondsman failed to show prejudice. In setting aside the forfeiture but directing that the bond should continue in force, the court *921 simply preserved the status quo and gave appellant another opportunity to secure [defendant's] appearance. When [defendant] failed to heed the new order to appear, the court properly caused the bond to be forfeited once again.
370 So.2d at 1238.
The state urges that the rationale of Resolute II controls here even though this case involves failure to give notice under section 903.26(1)(b), rather than section 903.26(2).[2] Relying on Caivano v. State, 331 So.2d 331 (Fla. 2d DCA 1976), wherein the notice to the surety was held insufficient to comply with section 903.26(1)(b) and the case was remanded to the trial court with directions to set aside the forfeiture, the state emphasizes the directive in the opinion that "said bond shall remain in effect." 331 So.2d at 334. But again we note that neither the reason for this direction nor the impact of section 903.31 was discussed.
We are thus faced with apparently conflicting results between, on the one hand, this court's decision in Bailey v. State, supra, and the Third District's decision in Resolute I, supra, and, on the other hand, the Second District's decision in Caivano v. State, supra. However, because Resolute I expressly declined to reach the applicability and meaning of section 903.31 and neither Bailey nor Caivano discusses section 903.31 or gives any reason for ordering that the bond be cancelled or remain in effect, we do not consider any of these decisions to have addressed and decided the precise question presented here.
Likewise, we do not believe that the decisions in Resolute II, supra, and the cases following it, Weaver and Allied Fidelity I are necessarily dispositive of the question presented here. In Resolute II, the surety's motion was addressed to the court's discretion under section 903.27(2), which provides that the court may vacate a judgment of forfeiture for good cause shown. In that case, the defendant's incarceration in another jail was found to have prevented his appearance at the scheduled time and excused the entry of forfeiture. That ruling was held not to affect the continued validity of the bond. Weaver and Allied Fidelity I involved failure to give notice to the surety after forfeiture pursuant to section 903.26(2). That notice requirement is "intended to accomplish the orderly and prompt conduct of the court's business and is directory only." Therefore, it is substantially different in legal effect from the notice of time for appearance required by section 903.26(1)(b). Allied Fidelity I, supra, at 111. This substantial difference is aptly described in that case:
Under Section 903.26, the surety is provided with two separate and distinct notices: the first is a notice to produce the defendant at a time and place certain, see Section 903.26(1)(b), note 1, supra; the second and later notice is to formally advise the surety that it has failed in its duty to produce the defendant and that the bond is thereby forfeited, see § 903.26(2), supra. The first of these notices, as Section 903.26(1) expressly states (". .. bond shall not be forfeited unless"), is a condition precedent to forfeiture of the bond. The failure to give the surety adequate notice of its obligation to produce the defendant in court invalidates an order of estreature and forfeiture entered against the surety. Estate of Maltie, 404 So.2d 384 (Fla. 4th DCA 1981); Schaefer v. State, 369 So.2d 443 (Fla. 3d DCA 1979); Bailey v. State, 282 So.2d 32 (Fla. 1st DCA 1973); Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969). The second notice, however, advising the surety of the fait accompli of forfeiture, is, definitively, not a condition precedent to forfeiture. Thus, we agree that:
"[I]t would be illogical to conclude that the bondsman and his surety company are automatically relieved of their obligation under the bond in every *922 case simply because of the failure to give the statutory notice of a forfeiture which has already occurred." Weaver v. State, 370 So.2d 1236, 1237 (Fla. 2d DCA 1979).
and conclude that a failure to comply with the seventy-two hour provision of Section 903.26(2) does not prevent the trial court from entering judgment on the forfeiture.
415 So.2d at 111.
Although none of the decisions discussed above directly address the question presented, they collectively require that the applicable statutory provisions be given a reasonable and logical construction to accomplish the ends intended by the bail bond process. The purpose of a bail bond is assurance that the defendant will appear or be produced by the surety at all scheduled proceedings before the court. Younghans v. State, 90 So.2d 308 (Fla. 1956). The bond is simply a three-party contract made by the state, the accused, and the surety, with the surety guaranteeing to the state that the accused will appear at subsequent proceedings. Accredited Assurance & Casualty Co. v. State, 383 So.2d 308 (Fla. 2d DCA 1980). Ordinarily, a bail bond is cancelled when it no longer appears necessary to look to the surety to guarantee the appearance of the accused at subsequent court proceedings on the particular charges covered by the bond. For example, the surety's liability on the bond is discharged if the defendant's obligation to appear is terminated by a nol pross of the pending charges. E.g., Allied Fidelity Insurance Co. v. State, 408 So.2d 756 (Fla. 3d DCA 1982) (hereinafter Allied Fidelity II). On the other hand, if the pending charges are merely recast or supplemented by the subsequent filing of an indictment or information, the defendant is not relieved of the obligation to appear and the surety is not discharged on the bond. E.g., Cotton Belt Insurance Co. v. State, 392 So.2d 34 (Fla. 3d DCA 1981). The theory underlying the appearance bond process is that the release of an accused on bond commits him to the exclusive custody of the surety, and any interference by the state with the surety's right to control of the accused, such as the accused's rearrest on the same charges, constitutes a substantial breach of the surety contract which discharges the surety. Accredited Surety & Casualty Co. v. State, supra, at 308-309.
The question becomes, then, whether failure to give the surety notice pursuant to section 903.26(1)(b) constitutes a sufficient reason for relieving the surety of its obligation to guarantee the defendant's appearance at subsequent court proceedings. We are persuaded that whether it does or does not in a given case should be determined by the trial court in the exercise of sound discretion. The state's failure to comply with section 903.26(1)(b) need not necessarily invalidate the bonding agreement between the state and the surety. While that section precludes the state from obtaining a forfeiture of the bond if the surety is not given notice of when the defendant is required to appear, the state's failure to comply with this condition precedent does not interfere with the surety's custody of the accused and does not necessarily affect the surety's ability to produce the defendant at subsequent proceedings pursuant to reasonable notice to do so. An order vacating or setting aside a forfeiture entered in violation of section 903.26(1)(b) is usually intended to restore the parties to the same position they were in before the forfeiture was improvidently entered and subjects the surety to no higher duty or undertaking than that contemplated in the original agreement.
The provisions of section 903.31 stating that the bond shall be cancelled when the forfeiture is discharged or remitted becomes applicable only when, by reason of a court order or the conduct of the state, it is clearly intended that the defendant be relieved of further obligation to appear in court or that the surety be relieved of any further responsibility for guaranteeing the defendant's appearance. We do not construe the phrase "forfeiture discharged or remitted" in section 903.31 to encompass an order vacating and setting *923 aside a forfeiture for noncompliance with section 903.26(1)(b) unless the trial court specifically determines to relieve the surety or the defendant of further liability on the bond. Since the trial court's order in the instant case expressly stated that the surety was not relieved of further compliance with the terms of the bond, that order did not constitute a discharge or remission requiring cancellation of the bond under section 903.31.
We recognize, however, that a surety may be entitled to discharge on its bond if prejudiced by the state's conduct in failing to comply with the statutory requirements in section 903.26. See, e.g., Weaver v. State, supra; Allied Fidelity I, supra; Ryan v. State, 380 So.2d 539, 540-541 (Fla. 5th DCA 1980); Summit Fidelity Insurance Co. v. State, 166 So.2d 757, 758 (Fla. 1st DCA 1964). The burden, however, is clearly upon the surety to prove such prejudice by competent evidence. In the instant case, no evidence was submitted in support of the June 27, 1983, motion to vacate the final judgment here appealed. The affidavit filed with the subsequent motion for reconsideration was not timely. Even if it had been timely, the facts recited in the motion and the belatedly filed affidavit are not sufficient to require a finding that the surety was so prejudiced. Mere passage of time does not establish such prejudice; and no other specific facts showing prejudice were set forth. See, Allied Fidelity I, supra; Summit Fidelity & Insurance Co. v. State, supra. We are, therefore, unwilling to conclude that the trial court abused its discretion in refusing to vacate the forfeiture judgment on the ground of prejudice to the surety.
AFFIRMED.
ERVIN, C.J., and BOOTH, J., concur.
NOTES
[1] In chapter 82-175, Laws of Florida, the legislature made extensive revisions to sections 903.26, 903.27, 903.28, and other sections of chapter 903, Florida Statutes, which became effective October 1, 1982, and neither party has referred to these amendments. Since these changes do not materially affect our decision in this case, we need not determine if they should be applicable.
[2] Under section 903.26, the surety is provided with two separate and distinct notices: The first is a notice to produce the defendant at a time and place certain; the second, where the surety fails to pay the forfeiture within thirty days and a final judgment is entered, provides that the surety will receive notice of that action.