SHAHOOD, J.
This is an appeal from a final order denying a motion for remission of bond forfeiture. At issue is whether the trial court erred in denying appellant’s, American Bankers Insurance Company, Motion to Set Aside the Bail Bond Estreature because the notice requirements of section 903.26(l)(b), Florida Statutes (1997) were not met. We answer the question in the affirmative, and reverse and remand for further proceedings.
Antonio Camacho (“Camacho”) was arrested, and bond was set at $200,000 for a trafficking in cocaine charge, $35,000 for possession of cocaine with intent to deliver, $10,000 for possession of cocaine, $750 for possession of paraphernalia, and $400 for driving with a suspended license. Appellant’s agent, Atlas Bail Bonds (“Atlas”), was one of three bond companies that posted bond for the defendant, posting $35,000 on the possession with intent to sell/deliver charge.
On May 13, 1997, the Clerk of the Court noticed Atlas, and all other interested par *337 ties, of Camacho’s jury trial to be held on May 27, 1997. Camacho did not appear for the trial and, at the request of another bondsman, not Atlas, the court granted 30 days to locate him and bring him to trial. On June 30, 1997, Camacho was not returned to the court, and the court estreated the $35,000 bond posted by Atlas, as well as the bonds posted by the other bondsmen. Thereafter, Atlas filed an Emergency Motion to Set Aside the Bail Bond Estreature arguing that the surety had not received notice of the continued hearing date, as required by section 903.26(l)(b), Florida Statutes (1997). The court denied the motion, and Atlas appealed.
Section 903.26(l)(b) requires the clerk of the court to provide the surety with “at least 72 hours’ notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant.” This section has been interpreted to require “express actual notice” to the surety companies, and not merely constructive notice. See Allied Fidelity Ins. Co. v. State, 499 So.2d 932 (Fla. 1st DCA 1986); see also Accredited Sur. & Cas. Co. v. Hagman, 467 So.2d 1065 (Fla. 4th DCA 1985)(clerk is required to give three days’ actual notice of a proceeding requiring the presence of the defendant, except for continuances of less than 72 hours). The notice requirement also applies to each subsequent appearance necessitated by court continuances. See Allied Fidelity Ins. Co., 499 So.2d at 934; Accredited Sur. & Cas. Co.; Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969).
The notice requirements are a strict prerequisite to forfeiture of the bond. Southland Ins. Co., Sur. v. State, 497 So.2d 1331 (Fla. 4th DCA 1986). Failure to furnish notice invalidates the order of estreature and forfeiture. See Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981).
In this case, while Atlas received notice of the original trial date (May 27), it is undisputed that the clerk failed to provide express actual-notice of the continued hearing date (June 30) at which the bond was ultimately estreated; therefore, the estrea-ture and forfeiture of the bond were invalid. Accordingly, the order appealed from is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER and TAYLOR, JJ., concur.