834 So.2d 212 (2002)
Jeb BUSH, Governor of the State of Florida, Appellant,
v.
INTERNATIONAL FIDELITY INS. CO., and Kenneth Craig, Appellees.
No. 4D01-4421.
District Court of Appeal of Florida, Fourth District.
October 2, 2002.
Rehearing Denied January 24, 2003.
*213 Edward A. Dion, County Attorney, Beth Ann E. Herschaft, Assistant County Attorney, Fort Lauderdale, for appellant.
Pamela Beckham of Beckham & Beckham, P.A., North Miami Beach for Appellee International Fidelity Ins. Co.
PER CURIAM.
Broward County ("County") timely appeals an order vacating the estreatures and forfeitures of seven appearance bonds, written by International Fidelity Insurance Company ("Surety"), for a criminal defendant. We reverse.
When the defendant failed to appear for a scheduled court date, the criminal division judge entered an order estreating the bonds. Shortly thereafter, the Surety's agent paid the $85,000 bond amount to satisfy the estreatures. The bonds were discharged and returned to the Surety.
The Surety filed a motion to vacate the bond estreatures and for remission of the bonds. The criminal division judge found that the notice requirements of section 903.26, Florida Statutes, had not been satisfied, and granted the Surety's motion in an order ("the April 28th order"), stating:
ORDERED AND ADJUDGED that the Surety's Motion is GRANTED. This Court finds that the mandates of Florida Statute 903.26 were not properly met by this Court's order of December 3, 1999.
FURTHER ORDERED AND ADJUDGED that the moneys paid by the Begel Bail Bonds, the surety, be REMITTED. The sum of eighty-five thousand ($85,000.00) currently being held in *214 the registry of the Clerk shall be returned to the surety within ten (10) days of this order on or before May 9, 2002. It is
FURTHER ORDERED AND ADJUDGED that the capias issued by this Court for the immediate arrest of the defendant, Kenneth Craig, is in full force and effect. The surety shall have until July 12, 2000 at 9:00 a.m., to produce the defendant before this Court or the bond will be estreated. It is
FURTHER ORDERED AND ADJUDGED that all parties are to appear before this Court, in courtroom 4810, at 9:00 a.m., on Wednesday, July 12, 2000 unless otherwise ordered by this Court.
On July 12, 2000, the judge entered a stipulated order for extension of time to produce the defendant, resetting the hearing until November 15, 2000. On that same date, the surety presented a certified copy of the April 28th order to the County's account clerk, who remitted the $85,000.
Both parties agree that the November 15, 2000 hearing was reset to November 16, 2000. Upon the defendant's failure to appear at the second scheduled date, the criminal judge again entered an order estreating the bonds on November 16, 2000 (second order of estreature). The Surety failed to pay the bond estreatures, and a Clerk's Judgment was entered against it on March 28, 2001. On May 2, 2001, the Surety filed a Verified Motion to Vacate Judgement and Bond Estreatures in the circuit civil court.
In its motion, the Surety argued that the bonds had been discharged upon its payment of the $85,000. Because the bonds had been discharged, the Surety contended, there was no longer an enforceable contract and it was released from any legal obligation to produce the defendant. The Surety reasoned that once the bonds were discharged, all monetary obligations to the Clerk were discharged as well. Accordingly, there were no bonds in existence to estreat.
The County responded that the Surety was not discharged from its obligation because the criminal judge had specifically ordered it to produce the defendant. Further, it argued, that even if the criminal judge had erred, the Surety waived any objection by acquiescing to the April 28th order.
The circuit civil judge concluded that the Surety had no obligation to produce the defendant. As a result, he vacated the second order of estreatures and forfeitures.
A bond is a three-party contract made by the state, the accused, and the surety, guaranteeing the accused's presence before the court. See Wiley v. State, 451 So.2d 916, 922 (Fla. 1st DCA 1984). "[A]pplicable statutory provisions must be given a reasonable and logical construction to accomplish the ends intended by the bail bond process." Id. "Ordinarily, a bail bond is cancelled when it no longer appears necessary to look to the surety to guarantee the appearance of the accused at subsequent court proceedings on the particular charges covered by the bond." Id. "The theory underlying the appearance bond process is that the release of an accused on bond commits him to the exclusive custody of the surety, and any interference by the state with the surety's right to control of the accused, such as the accused's rearrest on the same charges, constitutes a substantial breach of the surety contract which discharges the surety." Id.
Section 903.26 provides:
(1) A bail bond shall not be forfeited unless:

*215 (a) The information, indictment, or affidavit was filed within 6 months from the date of arrest, and
(b) The clerk of court gave the surety at least 72 hours' notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within 72 hours from the time of arrest, or if the time is stated on the bond.
"This section has been interpreted to require `express actual notice' to the surety companies, and not merely constructive notice. The notice requirement also applies to each subsequent appearance necessitated by court continuances. The notice requirements are a strict prerequisite to the forfeiture of the bond." Amer. Bankers Ins. Co. v. Camacho, 727 So.2d 336, 337 (Fla. 4th DCA 1999) (citations omitted). If the notice requirements are not met, the order of estreature and forfeiture is invalid. Id.
The state's failure to comply with section 903.26(1)(b) need not necessarily invalidate the bonding agreement between the state and the surety. While that section precludes the state from obtaining a forfeiture of the bond if the surety is not given notice of when the defendant is required to appear, the state's failure to comply with this condition precedent does not interfere with the surety's custody of the accused and does not necessarily affect the surety's ability to produce the defendant at subsequent proceedings pursuant to reasonable notice to do so. An order vacating or setting aside a forfeiture entered in violation of section 903.26(1)(b) is usually intended to restore the parties to the same position they were in before the forfeiture was improvidently entered and subjects the surety to no higher duty or undertaking than that contemplated in the original agreement.
The provisions of section 903.31 stating that the bond shall be cancelled when the forfeiture is discharged or remitted becomes applicable only when, by reason of a court order or the conduct of the state, it is clearly intended that the defendant be relieved of further obligation to appear in court or that the surety be relieved of any further responsibility for guaranteeing the defendant's appearance. We do not construe the phrase "forfeiture discharged or remitted" in section 903.31 to encompass an order vacating and setting aside a forfeiture for noncompliance with section 903.26(1)(b) unless the trial court specifically determines to relieve the surety or the defendant of further liability on the bond.
Wiley, 451 So.2d at 922-23 (emphasis supplied).
Here, the defendant's failure to appear on December 3, 1999 prompted the criminal division judge's estreature of the bonds. Because the Surety had not received proper notice, the judge properly vacated the bond estreatures and forfeitures in the April 28th order. That order specifically states that "[t]he surety shall have until July 12, 2000 at 9:00 a.m., to produce the defendant before this Court or the bond will be estreated." Thus, the language of the order, when placed in the context of the appearance bond process, intended to restore the parties to the same position they were in before the forfeiture was entered. It is clear from the criminal division judge's order that the Surety was to appear at the July 12, 2000 hearing and produce the defendant. The Surety was subjected to no higher duty or liability than that contemplated in the original bond agreement. This unequivocal order *216 evinces that the court did not intend to relieve the Surety of its obligation. Accordingly, the judge properly estreated the bonds after the defendant's failure to appear at the November hearing. Consequently, the civil court erred in vacating the estreatures and forfeitures.
REVERSED.
FARMER, TAYLOR, JJ., and GRIMES, HUBERT L., Associate Judge, concur.