290 So.2d 114 (1974)
RESOLUTE INSURANCE COMPANY, Appellant,
v.
STATE of Florida, Appellee.
No. R-469.
District Court of Appeal of Florida, First District.
February 5, 1974.
Rehearing Denied March 14, 1974.
Joseph A. St. Ana, Jacksonville, for appellant.
Donald G. Nichols, Richard G. Rumrell and MacKenzie G. Rast, Jacksonville, for appellee.
RAWLS, Chief Judge.
Resolute Insurance Company appeals from a final judgment denying its motion seeking to vacate certain bond estreatures. Resolute Insurance Company alleged that certain judgments entered pursuant to bond estreatures were void ab initio by reason of city officials failing to comply with the "bail bond law".
Florida Statute 903.26 (1969), F.S.A.,[1] provides, inter alia:
"(1) Before a bail undertaking is forfeited it shall be known that
(a) The information or indictment was filed within six months from the date of arrest, and in addition,
(b) The bondsman or surety was given seventy-two hours or more notice exclusive of Saturdays, Sundays, and holidays before the time of required appearance of the defendant; such notice to be given by the clerk of the court having jurisdiction of the defendant... ."
By its brief, appellant contends that a material defect in the proceedings is the affidavit with each estreature on file in the office of the Clerk of the Municipal Court was not filed in "conjunction with arrest, or even in advance of trial, only *115 after a forfeiture and estreature." [Emphasis supplied.] As authority for this contention, appellant refers to a portion of the transcript recording argument advanced by counsel for the state, viz:
"And the Court may know that I have verified the brief which I filed with regard to that point that all of my statements are made on personal observation and knowledge. And first of all, Your Honor, let me tell the Court that the affidavit which supports each of these judgments is simply not produced after the fact. These affidavits are produced after arrest and only in those cases where it appears that there will be a bond forfeiture.
"Procedure is this: If the defendant fails to appear on a given date which either is the appearance date on the bond or is a continuance date which has been received by the defendant in open Court, then, the bond is passed until Friday, two weeks away, which therefore might be a minimum of 14 days or a maximum of 19 days away. And, it's stated to be set on that date for forfeiture. The Court then gives notice to the bondsman, as Mr. Crews has testified to receiving notice, to have the man in the Court on that Friday. In the meantime, the arresting officer is notified by my office to go to the Court and sign the affidavit which is required. The affidavit is prepared in my office under my direction. And, he goes to the Court and executes this affidavit. And, then, on the Friday in question if the defendant does not appear as the bondsman has been directed to have them there and the paperwork is complete, meaning that the affidavit has already been completed, then and only then the Judge enters an Order of Forfeiture. And, I would point out to the Court that as a part of that order, and parenthetically I may state that the order substantially tracks the Order of the Forfeiture of bond of the Criminal Court of Record which Mr. St. Ana finds so enlightening, as a part of that order the Judge and the Municipal Court determines as a matter of fact that notice has been given to the bondsman, he determines that the charges were filed within the six months limitation. And both of those points, I would submit to the Court, that there has been no showing by the moving party in this case that those findings of fact are clearly erroneous... ."
The record in this cause reflects that charges against each defendant were filed within the six-month period prescribed by the statute.
Appellant's primary contention seems to relate to the question of notice to the surety, and in this respect argues that the burden of proving "notice" rests upon the person or entity asserting "notice" (citing 23 Fla.Jur. Notice § 8 (1959) at 483). The trial judge, in denying appellant relief, necessarily found that notice was given prior to estreature. In fact, a witness adduced by appellant laid this question to rest when he testified as follows:
"Q. Now, do you get notices, I am going to ask you about that, do you get notices about Municipal Court?
"A. Yes, sir. When people don't show up we receive notices from the Clerk of the Municipal Court.
"Q. When they don't show up?
"A. When they don't show up.
"Q. When is this? I mean, after they haven't showed, not before they show?
"A. That's right. After they haven't showed and then we are given  I'm not sure whether it's a week or ten days to have the people in Court."
Finally, appellant urges that strict compliance by the state must be had prior to a forfeiture being declared. Appellant executed surety bonds assuming the technical custody of the accused person and the responsibility of making sure such person would appear to answer the charges lodged *116 against him.[2] The surety was apprised of the appointed time for its assured to appear. The surety had thirty days subsequent to the forfeiture to move in the trial court for discharge of that forfeiture,[3] or if appellant has paid the forfeiture within thirty days, it would have had another eleven months to seek remission.[4] Appellant failed to meet the obligations it undertook, and is not entitled to be exonerated from such obligations upon allegations of ministerial errors.
Affirmed.
WIGGINTON, Associate Judge, and DREW (Ret.) Associate Judge, concur.
NOTES
[1] Chapter 903 of the Florida Statutes (1971), F.S.A., is substantively the same as Chapter 903 of the 1969 edition of the Florida Statutes.
[2] Capitol Indemnity Ins. Co. v. State, 86 So.2d 156 (Fla. 1956)
[3] Florida Statute 903.26(6) (1969), F.S.A.
[4] Florida Statute 903.28 (1969), F.S.A.