415 So.2d 109 (1982)
ALLIED FIDELITY INSURANCE COMPANY, Appellant,
v.
The STATE of Florida, for the Use and Benefit of Dade County, Appellee.
Nos. 81-2052 and 81-2127 to 81-2129.
District Court of Appeal of Florida, Third District.
June 15, 1982.
*110 Neil I. Maryanoff, Miami, for appellant.
Robert A. Ginsburg, County Atty. and James A. Jurkowski, Asst. County Atty., for appellee.
Before HUBBART, C.J., and DANIEL S. PEARSON, and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
The primary issue in these consolidated appeals is whether a court may enter a judgment against a bail bond surety upon unpaid and undischarged forfeitures where written notices to the surety were not given within seventy-two hours of the forfeitures pursuant to Section 903.26(2), Florida Statutes (1979), which provides:
"If there is a breach of the bond, the court shall declare the bond and any bonds or money deposited as bail forfeited and shall notify the surety agent and surety company in writing within 72 hours of said forfeiture. The forfeiture shall be paid within 30 days."
Allied Fidelity Insurance Company was the surety on bail bonds posted to insure the appearance of defendants in four criminal cases. In each case, after due notice to Allied of a required appearance by the defendant, see § 903.26(1)(b), Fla. Stat. (1979),[1] the defendant failed to appear, and orders declaring the bonds forfeited were entered. Written notices advising Allied of the forfeitures were sent four to six days, or more than seventy-two hours, after forfeiture.[2]
Allied contends that Section 903.26(2) is mandatory, and the failure to strictly comply with its seventy-two hour requirement prevented judgment from being entered upon the forfeitures, and, therefore, in these cases, required the trial court to vacate the judgments entered. Allied's simplistic view of the statute is that "shall" means shall, and the inquiry ends there. While it is true that the first rule of statutory construction is that words are to be given their normal meaning, Neal v. Bryant, 149 So.2d 529 (Fla. 1962), it is equally an axiom of statutory construction that an interpretation of a statute which leads to *111 an unreasonable or ridiculous conclusion or a result obviously not designed by the Legislature will not be adopted. St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1959); Palm Springs General Hospital, Inc. of Hialeah v. State Farm Mutual Automobile Insurance Co., 218 So.2d 793 (Fla. 3d DCA 1969). Whether "shall" is mandatory or discretionary will depend, then, upon the context in which it is used and the legislative intent expressed in the statute. S.R. v. State, 346 So.2d 1018 (Fla. 1977). Thus, for example, where "shall" refers to some required action preceding a possible deprivation of a substantive right, S.R. v. State, supra; Neal v. Bryant, supra; Gilliam v. Saunders, 200 So.2d 588 (Fla. 1st DCA 1967), or the imposition of a legislatively-intended penalty, White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973), or action to be taken for the public benefit, Gillespie v. County of Bay, 112 Fla. 687, 151 So. 10 (1933), it is held to be mandatory. And, by the same reasoning, the permissive word "may" will be deemed to be obligatory "[w]here a statute directs the doing of a thing for the sake of justice... ." Mitchell v. Duncan, 7 Fla. 13 (1857). But where no rights are at stake, Reid v. Southern Development Co., 52 Fla. 595, 42 So. 206 (1906), and only a non-essential mode of proceeding is prescribed, Fraser v. Willey, 2 Fla. 116 (1848), the word "shall" is said to be advisory or directory only.
Turning to the case at hand, a reading of the entirety of Chapter 903 relating to bail convinces us that the provision for notice to the surety in Section 903.26(2) is intended to accomplish the orderly and prompt conduct of the court's business and is directory only. See Schneider v. Gustafson Industries, Inc., 139 So.2d 423 (Fla. 1962); Reid v. Southern Development Co., supra. Under Section 903.26, the surety is provided with two separate and distinct notices[3]: the first is a notice to produce the defendant at a time and place certain, see Section 903.26(1)(b), note 1, supra; the second and later notice is to formally advise the surety that it has failed in its duty to produce the defendant and that the bond is thereby forfeited, see § 903.26(2), supra. The first of these notices, as Section 903.26(1) expressly states ("... bond shall not be forfeited unless"), is a condition precedent to forfeiture of the bond. The failure to give the surety adequate notice of its obligation to produce the defendant in court invalidates an order of estreature and forfeiture entered against the surety. Estate of Maltie, 404 So.2d 384 (Fla. 4th DCA 1981); Schaefer v. State, 369 So.2d 443 (Fla. 3d DCA 1979); Bailey v. State, 282 So.2d 32 (Fla. 1st DCA 1973); Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969). The second notice, however, advising the surety of the fait accompli of forfeiture, is, definitively, not a condition precedent to forfeiture. Thus, we agree that
"[I]t would be illogical to conclude that the bondsman and his surety company are automatically relieved of their obligation under the bond in every case simply because of the failure to give the statutory notice of a forfeiture which has already occurred." Weaver v. State, 370 So.2d 1236, 1237 (Fla. 2d DCA 1979).
and conclude that a failure to comply with the seventy-two hour provision of Section 903.26(2) does not prevent the trial court from entering judgment on the forfeiture.
Having so concluded, we now address Allied's argument that even if the failure to strictly comply with the post-forfeiture notice provision of Section 903.26(2) does not preclude the entry of a judgment, Allied is entitled to show  and did in fact show  that it was prejudiced when notice of the forfeiture was served upon it more than seventy-two hours after forfeiture. While there is some suggestion in Ryan v. State, 380 So.2d 539 (Fla. 5th DCA 1980), and Weaver v. State, supra, that a showing of prejudice arising from a lack of timely notice to the surety of forfeiture might prevent a judgment on the forfeiture, we seriously doubt that such a showing is possible. As the court in Ryan v. State correctly observed:

*112 When a surety is given proper notice to produce a defendant, for whom it is legally responsible and for whom it has intervened in the case, that surety knows it is subject to forfeiture at the time of the failure of appearance. There is no logical reason for the requirement of additional written notice at all; the forfeiture occurs in open court and is a matter of public record." 380 So.2d at 540 (emphasis in original).
Thus, the written notice of forfeiture at best advises a surety of that which it should be deemed to constructively know. In short, the written notice of forfeiture is a redundant courtesy extended to the surety, and it can hardly be said that the surety will be prejudiced by its absence.[4]
However, because an argument could be made (although it is not here) that the surety has, through custom and practice, come to rely on the written notice of forfeiture from the court and blithely assumes that its principal, the defendant, has faithfully appeared in court pursuant to the earlier notice, we will, in this appeal, address the merits of Allied's attempt to show prejudice.
Allied's "showing" in each of the four cases consisted of two nearly identical affidavits, which asserted in pertinent part:
"7. In my experience, the effect of notification past the seventy-two (72) hour period is as follows: First, the fear of the defendant has increased as time has elapsed and is more intense due to two factors: the defendant has a greater fear that the penalty would be increased once he is brought before the authorities.
"8. Second, and most important, is the fact that when notice of a forfeiture is received by a surety at a time past the required seventy-two (72) hours, the defendant's trail has become cold and the defendant has had a greater chance to extract himself from the jurisdiction and/or secrete himself.
"9. Finally, it is the duty of an executing agent to follow the order of the court and arrest the defendant upon timely notice of the defendant's non-appearance. When notice is served upon surety in an untimely fashion, he cannot be made aware that the defendant has failed to appear for court, but more importantly, he does not have the authority to engage in the apprehension of that particular defendant until such notice is received."
In our view, these assertions are little more than an argument that the seventy-two hour provision should be construed as mandatory since prejudice will result in all cases. As is obvious, no specific prejudice is alleged as to any particular defendant (e.g., that sometime within the seventy-two hour period the particular defendant could have been found and taken into custody). Next, it is totally inaccurate to say that "when notice is served upon surety in an untimely fashion, he cannot be made aware that the defendant has failed to appear for court," since, although a surety may for its own convenience choose to wait for notice of forfeiture, the open court forfeiture, a matter of public record, can be learned the very moment it occurs when the defendant fails to appear. Moreover, the assertion that the defendant's fear (and presumably the likelihood of the defendant fleeing) increases *113 and his trail gets cold after seventy-two hours proves too much, since, if such is the case, we would think the surety would want immediate notice of a forfeiture and take steps to learn of it when it occurs and the trail is even hotter. Last, there is no support whatever for the affiants' conclusion that the surety has "no authority to engage in the apprehension of [a] particular defendant until such notice is received." The surety's right to arrest the defendant after forfeiture runs from the moment the forfeiture is paid, which, as we have said, could be accomplished immediately after the open court declaration of forfeiture. We most certainly cannot conclude from this "showing" that the trial court abused its discretion in refusing to vacate the forfeiture judgments against Allied.
Affirmed.
NOTES
[1] Section 903.26(1)(b) provides that the bail bond surety be given seventy-two hours notice of the defendant's scheduled appearance:

"(1) A bail bond shall not be forfeited unless:
....
"(b) The clerk of court gave the surety at least 72 hours notice, exclusive of Saturdays, Sundays and holidays, before the time of the required appearance of the defendant."
Allied makes no contention that it was not given adequate notice of the defendants' required appearances.
[2] Since we hold, infra, that late notice of forfeiture did not affect the trial court's right to enter a judgment against Allied, we need not address the State's argument that in two of the four cases the notices were given within the prescribed 72 hours, because under Florida Rule of Criminal Procedure 3.040 (which, according to the State, controls), intermediate Saturdays, Sundays and legal holidays are to be excluded from computation when the statutorily prescribed time for the doing of an act is less than seven days.
[3] If the surety fails to pay the forfeiture within thirty days and a final judgment is entered, the surety will receive a notice of that action as well. See § 903.27, Fla. Stat. (1979).
[4] It has been said that one purpose which the written notice of forfeiture serves is to allow the surety to make payment of the forfeited amount within thirty days of forfeiture, Weaver v. State, supra, and to thereby obtain statutory rights not available to sureties which do not timely pay the forfeited amount. Thus, a surety which pays the forfeited amount within thirty days as required by Section 903.26(2), Florida Statutes (1979), is granted one year from the date of forfeiture within which to seek a remission of the forfeited amount. See § 903.28(1), Fla. Stat. (1979); Resolute Insurance Co. v. State, 290 So.2d 114 (Fla. 1st DCA 1974), and during that period retains authority to arrest the defendant and return him to the custody of the court. § 903.29, Fla. Stat. (1979). A surety which has not paid the forfeiture within thirty days is not authorized to seek remission or arrest the defendant and is limited to filing a motion to vacate the final judgment within forty-five days of its entry. § 903.27, Fla. Stat. (1979). But, once again, the written notice of forfeiture serves no greater purpose than the open-court forfeiture, about which the surety constructively, if not actually, knows.