PER CURIAM.
This appeal concerns the estreating of a bond and the subsequent final judgment of forfeiture. The bondsman filed an appeal from the order estreating the appearance bond and a separate appeal from the Final Judgment. This court has permitted consolidation.
Appellant bondsman has a total of eight issues on appeal, none of which the county addresses in its briefs. Instead it depends on the single theory that this court has no jurisdiction because the bondsman did not file a motion to set aside the Final Judgment within the 45 day time limit of Section 903.27(5), Florida Statutes (1983):
(5) After notice of judgment against the surety given by the clerk of the circuit court, the surety or bail bondsman may within 45 days file a motion to set aside the judgment. Upon the filing of such a motion, the court may stay execution on the judgment or set aside the judgment in whole or in part only for those reasons for which the forfeiture could have been discharged.
As the County would have it, the above statute sets forth the mandatory procedure necessary to set aside the judgment and must be complied with. We disagree. Although no case addresses the issue, it can be seen from a reading of the above quoted section, especially the second sentence thereof, that this procedure is similar to a motion under Rule 1.540, Florida Rule of Civil Procedure or Rule 3.720, Florida Rule of Criminal Procedure which enumerates specific reasons under which the motion can be made. Under the statute it is specified that the court can only set aside the judgment for the reasons for which the forfeiture could have been discharged. These are found in Section 903.26(5):
(5) The court may discharge a forfeiture within 30 days upon:
(a) A determination that it was impossible for the defendant to appear as required due to circumstances beyond his control. The potential adverse economic consequences of appearing as required shall not be considered as constituting a ground for such a determination;
(b) A determination that, at the time of the required appearance, the defendant was adjudicated insane and confined in an institution or hospital or was confined in a jail or prison; or
(c) Surrender of the defendant if, but only if, in the case of a surety bond, the surrender was substantially procured and caused by the surety and if, but only if, the delay has not thwarted the proper prosecution of the defendant. If the forfeiture has been before discharge, the court shall direct remission of the forfeiture. The court shall condition a discharge or remission on the payment of costs and the expenses incurred by an official in returning the defendant to the jurisdiction of the court.
(6) The discharge of a forfeiture shall not be ordered for any reason other than as specified herein.
If the bondsman has any other reasons for setting aside or reversing the judgment, they can be raised on plenary appeal.
The county’s only argument in its brief filed in appeal Case No. 83-2670, which was directed to the November 10,1983 trial court Order estreating the appearance bond, is that it is non-final and non-appealable Huie v. State, 92 So.2d 264 (Fla.1957). However, since a Final Judgment has now been entered and appealed (Case No. 84-866, the consolidated case), these issues are reviewable. See Allied Fidelity Insurance Co. v. State, 384 So.2d 727 (Fla. 3d DCA 1980), and Saul v. Basse, 399 So.2d 130 (Fla. 2d DCA 1981) holding that an appeal from a final order allows review of all necessary interlocutory steps leading up to that order.
*531 In view of the foregoing the appellee, Palm Beach County, is hereby directed to file within thirty (30) days, a brief addressing the merits of appellant’s eight points on appeal. Appellant may file a reply brief within twenty (20) days after service of the answer brief.
DOWNEY, LETTS and WALDEN, JJ., concur.