467 So.2d 1065 (1985)
ACCREDITED SURETY & CASUALTY CO., INC., and A. Harden Bail Bonding, Surety, Appellants,
v.
Walter Patrick HAGMAN and State of Florida, Appellees.
No. 84-1517.
District Court of Appeal of Florida, Fourth District.
April 24, 1985.
*1066 William M. Winkel of Winkel & Sims, West Palm Beach, for appellants.
Maureen Cullen, Asst. County Atty., West Palm Beach, for appellee  State of Florida.
BARKETT, Judge.
We affirm the trial court's order denying appellants' motion for remission following a bond estreature.
Appellee Walter Hagman was arrested on November 11, 1981, for conspiracy to traffic in cannabis. Bond was set at $50,000, which was posted by appellants. On February 25, 1983, the clerk of the court notified appellants that Hagman was required to appear for trial on March 28, 1983. On March 28, 1983, the court continued the trial date to March 30, 1983  a continuance of 48 hours. On March 30, 1983, Hagman failed to appear and the court ordered estreature of the bond, declaring it forfeited.
As an initial matter, we determine that this cause is properly before us on appeal. The order denying remission is a final order, and is reviewable. Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981); Schaefer v. State, 369 So.2d 443 (Fla. 3d DCA 1979). Furthermore, this court's prior opinion dealing with this matter dismissed an earlier appeal of a motion to vacate the estreature and forfeiture order, and specifically noted that the dismissal of the earlier "appeal" was without prejudice to move for an order of remission in the trial court. Accredited Surety & Casualty Co. v. Hagman, 448 So.2d 619 (Fla. 4th DCA 1984).
The merits of this appeal require a construction of section 903.26(1)(b), Florida Statutes (1983), which provides:
903.26. Forfeiture of the bond; when and how directed; discharge; how and when made; effect of payment
(1) A bail bond shall not be forfeited unless:
... .
(b) The clerk of the court gave the surety at least 72 hours' notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within seventy-two hours from the time of arrest or if the time is stated on the bond.
Thus, the general rule is that the clerk of the court must give a surety three days' actual notice of a proceeding requiring the presence of the defendant. Failure to furnish this notice as required by statute invalidates an order of estreature and forfeiture. Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1980); Ryan v. State, 380 So.2d 539 (Fla. 5th DCA 1980); Schaefer v. State, 369 So.2d 443 (Fla. 3d DCA *1067 1979); Caivano v. State, 331 So.2d 331 (Fla. 2d DCA 1976); Bankers Fire and Casualty Company v. State, 303 So.2d 39 (Fla. 1st DCA 1974); Bailey v. State, 282 So.2d 32 (Fla. 1st DCA 1973).
In this case, appellants argue that the two-day continuance of Hagman's trial precluded them from receiving the 72-hour notice required by the statute. Of course, in the circumstances before us, appellants could not possibly have received notice 72 hours in advance since the date of the continued proceeding was not established until 48 hours before that proceeding, although it was established in open court at a proceeding that required the defendant's presence. Appellants contend that their position is supported by Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969), which stated:
F.S. § 903.26, F.S.A. provides that before a bail bond may be forfeited the bondsman or surety must be "given seventy-two (72) hours or more notice exclusive of Saturdays, Sundays and holidays before the time of required appearance of the defendant; such notice to be given by the clerk of the court having jurisdiction of the defendant." We construe the language in the statute "the time of required appearance of the defendant" to mean not only the time or date specified in the bond itself when originally posted, but also to extend to the time or times to which trial of the defendant may be thereafter continued. So construed, bondsman Ramsey was never given the notice required by the statute.
The only notice ever received by Ramsey was not from the Clerk of the Court but from the Sheriff by letter written July 3, 1967, advising of [sic] the date of August 11, 1967, [the defendant] should be in Court at Naples; and even on the latter date the case was continued without notice to Ramsey. While § 903.26 does not specifically say how the notice shall be given, the implication is irresistible that it must be in writing because it requires the notice "to be given by the Clerk of the Court having jurisdiction of the defendant", and Court Clerks traditionally transmit notices in writing. The point is academic here, however, because the required notice itself was never given as required by the Statute.
225 So.2d at 185. Thus, if Ramsey is read broadly, it holds: (1) all court appearances, even those established pursuant to a continuance, must be noticed 72 hours in advance; and (2) all notices must be in writing. But see Bailey v. State, 282 So.2d at 34 n. 2 (noting that the Ramsey requirement that notice be in writing was mere dictum).
In Ramsey, a surety had posted bond for a defendant. The defendant's case was continued in open court several times. On August 28, 1967, it was continued to an unspecified date. Three days later, on August 31, 1967, without notice to either the surety or the defendant, the case was called. The defendant did not appear and the trial court ordered the bond estreated and forfeited. In this case, unlike in Ramsey, the case was continued to a definite date in open court. The continuance, however, was only for a period of 48 hours.
If the 72-hour notice requirement is held to apply to continuances of less than 72 hours, such continuances will be effectively barred. To take the appellants' argument to its logical conclusion, a trial lasting more than one day would have to be tried with a 72-hour interval between each trial day in order to give the bonding company the statutory 72-hour notice. We cannot see a difference between a defendant returning in 48 hours for the third day of a trial which has begun and a defendant who must return in 48 hours to begin his trial. Accordingly, we hold that the notice provisions of section 903.26(1)(b) do not apply to continuances of less than 72 hours. To the extent that our holding differs from the holding in Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969), we disagree with Ramsey.
AFFIRMED.
LETTS and GLICKSTEIN, JJ., concur.