499 So.2d 932 (1986)
ALLIED FIDELITY INSURANCE COMPANY, Appellant,
v.
STATE of Florida, Appellee.
No. BN-37.
District Court of Appeal of Florida, First District.
December 24, 1986.
Rehearing Denied January 26, 1987.
Ned I. Price of Lewis & Price, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen., Gerald B. Curington, Chief, General Civil Litigation, Tallahassee, for appellee.
MILLS, Judge.
Allied Fidelity Insurance Company (Surety) appeals from a final order denying its motion to vacate and set aside a judgment of forfeiture of a surety bail bond. In so doing, the Surety presents the following issues for our consideration: (1) whether the statutory notice required by Section 903.26(1)(b), Florida Statutes (1985), was given to Allied Fidelity prior to the entry of the judgment of forfeiture; and (2) whether the trial court had jurisdiction to grant *933 the relief requested in Allied Fidelity's motion to vacate and set aside judgment. We reverse.
The defendant in the trial court, Anthony Devan Wallace, appeared for arraignment for three misdemeanor charges on 17 May 1985. The magistrate found probable cause, set bond, and scheduled the case for 12 June 1985. The defendant was released from custody pursuant to a surety bond written by Allied Fidelity Insurance Company. On 12 June, defendant Wallace's case was passed for pretrial to 9 July and thereafter to 23 July and thereafter to 20 August. On each occasion, Wallace was personally present in court and received notice of the pass dates.
On 20 August, the defendant failed to appear, causing his surety bail bond to be forfeited and a capias issued. The following day the clerk of the county court sent notice of the forfeiture to the surety bonding company. On 3 October, judgment was entered on the forfeiture and notice of such served on the Surety.
On 26 November, defendant Wallace surrendered and appeared, pled no contest, and was sentenced. Consequently, on 11 December the Surety filed a motion for remission of the bond. This was followed by a motion to vacate on 24 January 1986 and a second amended motion to vacate and set aside judgment on 12 March. The essential thrust of the motion was the failure of the clerk of the county court to provide 72-hours notice pursuant to Section 903.26(1)(b), Florida Statutes, of the defendant's required appearance on 20 August.
On 11 April 1986, a final order was entered, herein under appeal, denying the Surety's requested relief upon a finding that the motion to vacate was untimely filed, and thus the court was without jurisdiction to grant any effective relief. The court so ruled relying on Section 903.27(5), Florida Statutes, which proscribes a 45-day time limit for the filing of motions to stay or to set aside a judgment of forfeiture.
The portion of Section 903.26, Florida Statutes, pertinent to this case provides as follows:
(1) A bail bond shall not be forfeited unless:
(a) The information, indictment, or affidavit was filed within 6 months from the date of arrest, and
(b) The clerk of court gave the surety at least 72 hours' notice, exclusive of Saturdays, Sundays and holidays before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within 72 hours from the time of arrest, or if the time is stated on the bond.
While Section 903.26(1)(b) requires that a surety receive at least 72-hours notice before a bail bond can be estreated, the statute does not specify what form of notice is required or the manner in which it is to be served. Hence, the courts of this State have been forced to grapple with this question. The consensus seems to be that "actual notice" is required, as this is the highest form of notice. See Accredited Surety & Casualty Co., Inc. v. Hagman, 467 So.2d 1065 (Fla. 4th DCA 1985); Ryan v. State, 380 So.2d 539 (Fla. 5th DCA 1980); Schaefer v. State, 369 So.2d 443 (Fla. 3d DCA 1979); Bankers Fire and Casualty v. State, 303 So.2d 39 (Fla. 1st DCA 1974); Bailey v. State, 282 So.2d 32 (Fla. 1st DCA 1973). Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969), opined that written notice is required; however, this statement was made only in dictum.
In the case at bar, the only notice provided by the circuit court clerk was through the passive action of making daily court calendars available to bondsmen in the Duval County Courthouse. The State, who carries the burden of showing compliance with the statute contends this was sufficient as it provided the Surety with "implied actual notice." Implied actual notice is defined as notice inferred from the fact that the party had a means of knowledge, which it was his duty to use and which he did not use. Implied actual notice is an inference of fact that may be drawn by a court when it is warranted by the equities of a case; i.e., when a party has remained intentionally ignorant. United Contractors *934 v. United Construction Corp., 187 So.2d 695 (Fla. 2d DCA 1966).
The statute in question does not place any duty on surety companies to inform themselves of appearance dates, and it would seem contrary to legislative intent to allow the State to do so, simply by making court calendars available and requiring sureties to inform themselves by this means. We therefore feel it is necessary to take an extra step in this case and clarify that Section 903.26(1)(b) not only requires actual notice, it requires "express actual notice." In other words, a surety must be provided with direct information of a defendant's appearance date. Moreover, we find, in accordance with Ramsey v. State, supra, that this direct information must be provided not only for the defendant's first appearance but also for each subsequent appearance necessitated by court continuances. See also, Accredited Surety & Casualty Co., Inc. v. Hagman, supra (statutory provision requiring that clerk of court give a bail bond surety three days actual notice of a proceeding requiring presence of defendant does not apply to continuances of less than 72 hours). We believe this holding is mandated by the well established principle that forfeitures are not favored at law and statutes providing for them must be strictly construed. See, Caivana v. State, 331 So.2d 331 (Fla. 2d DCA 1976).
Having concluded that the notice required by Section 903.26(1)(b) was not provided to the Surety herein, it remains to be decided whether the trial court erroneously determined that it did not have jurisdiction to grant relief from the faulty judgment of forfeiture. Section 903.27(5) proscribes a 45-day time limit for the filing of motions to set aside judgments of forfeiture, and specifies that a trial court can only set aside a judgment for those reasons for which the forfeiture could have been discharged. These reasons are found in Section 903.26(5):
(5) The court may discharge a forfeiture within 30 days upon:
(a) A determination that it was impossible for the defendant to appear as required due to circumstances beyond his control. The potential adverse economic consequences of appearing as required shall not be considered as constituting a ground for such a determination;
(b) A determination that, at the time of the required appearance, the defendant was adjudicated insane and confined in an institution or hospital or was confined in a jail or prison; or
(c) Surrender of the defendant if, but only if, in the case of a surety bond, the surrender was substantially procured and caused by the surety and if, but only if, the delay has not thwarted the proper prosecution of the defendant. If the forfeiture has been before discharge, the court shall direct remission of the forfeiture. The court shall condition a discharge or remission on the payment of costs and the expenses incurred by an official in returning the defendant to the jurisdiction of the court.
(6) The discharge of a forfeiture shall not be ordered for any reason other than as specified herein.
The trial court relied on Section 903.27(5) to find it was without jurisdiction to grant relief in this cause; however, in so doing the Court failed to consider that Fla.R. Civ.P. 1.540 provides for the relief of judgments in general when a clerical mistake has been made or the court finds (1) excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) the judgment is void; or (5) the judgment has been satisfied or it is no longer equitable to allow its prospective application.
In Hammond v. Mihalko, 455 So.2d 529 (Fla. 4th DCA 1984), it was held that when a bondsman has reasons, other than those upon which a forfeiture may be discharged, for setting aside or reversing a forfeiture judgment, these reasons may be raised on a plenary appeal. Moreover, Resolute Insurance Company v. State, 289 So.2d 456 (Fla. 3d DCA 1974), and Miami Beach v. Boyden, 232 So.2d 429 (Fla. 3d DCA 1970), both directly held that a surety may seek *935 relief pursuant to Fla.R.Civ.P. 1.540(b), when such is applicable, notwithstanding a failure to comply with Section 903.27.
Accordingly, we find the trial court erred in failing to recognize that jurisdiction over this cause was possible pursuant to Rule 1.540, and we reverse and remand for further proceedings.
SHIVERS and JOANOS, JJ., concur.