THOMPSON, Judge.
This is an appeal from an order estreat-ing a bail bond and from a final judgment of forfeiture of bond. The appellant Dependable Insurance Company, Inc. (Dependable) raises as its sole issue on appeal the question whether it should have been relieved of the forfeiture because it was prejudiced by the failure of the court to promptly declare forfeiture and by the failure of the clerk of the court to give it notice of the nonappearance of the accused and consequent forfeiture, as required by § 903.26(2), Fla.Stat. We affirm.
The record demonstrates and, indeed, Dependable acknowledges in its brief, that it did receive proper pre-trial notice to produce the accused as required by § 903.-26(l)(b), Fla.Stat. It thus acknowledges that the essential condition precedent to forfeiture did occur. It argues only that had it received timely § 903.26(2) notice of the accused’s nonappearance at trial, it could have promptly commenced efforts to procure the accused’s return to Union County, thereby saving a substantial expenditure for costs of the incarceration of the accused in another jurisdiction after his arrest in the foreign jurisdiction and while awaiting return to Florida. The sole authority cited by Dependable in support of its argument is the case of Weaver v. State, 370 So.2d 1236 (Fla. 2d DCA 1979). We find, however, that the Weaver case is distinguishable, and that the appellant’s ar *1229 gument is not well taken. The language from the Weaver case relied on by Dependable is as follows:
Surely one purpose of Section 908.26(2) is to insure that the bondsman and the surety company will receive prompt notice of a bond forfeiture so that they may pay the bond in a timely fashion. Another purpose may be to promptly alert them of the defendant’s failure to appear so they can commence their efforts to locate him. Thus, the failure to give the statutory notice of forfeiture which prejudices a bondsman’s ability to take the defendant into custody could constitute good cause to remit the forfeiture under Section 903.28_
Id. at 1237. This language from Weaver is entirely logical and reasonable and in fact has been quoted with apparent approval in other cases, including a recent case from this court, Wiley v. State, 451 So.2d 916 (Fla. 1st DCA 1984). See also Allied Fidelity Insurance Co. v. State, 415 So.2d 109 (Fla. 3d DCA 1982). What Dependable fails to consider is the additional language in Weaver quoted in both Wiley and Allied Fidelity:
But it would be illogical to conclude that the bondsman and his surety company are automatically relieved of their obligation under the bond in every case simply because of the failure to give the statutory notice of a forfeiture which has already occurred.
370 So.2d at 1237. In Allied Fidelity it was specifically held that the § 903.26(2) requirement that post-forfeiture notice be sent to the surety is “directory only,” and that such notice “is, definitively, not a condition precedent to forfeiture.” 415 So.2d at 111. In Wiley this court agreed with the Allied Fidelity court’s determination that the sending of post-forfeiture notice is not a condition precedent to forfeiture, and went on to reemphasize the proper interpretation of the statute as follows:
We recognize, however, that a surety may be entitled to discharge on its bond if prejudiced by the state’s conduct in failing to comply with the statutory requirements in section 903.26_ The burden, however, is clearly upon the surety to prove such prejudice by competent evidence.
451 So.2d at 923.
Thus prejudice, the burden of proof of which is clearly on the surety, is the crux of a defense to a forfeiture action on grounds of the state’s failure to comply with § 903.26(2). In this cause the trial court entertained stipulations as well as testimony at a reported hearing and arguments of counsel, and thereafter made an express finding that the facts of the case could not support Dependable’s claims concerning an “estoppel issue.” Based on the record in this cause, including the arguments of counsel presented to the trial court, it is clear that the court’s finding that there was no basis for an “estoppel” against the state was the equivalent of a finding of failure by Dependable to prove actual prejudice. There being competent and substantial evidence in the record to support the trial court’s finding, Dependable has shown no reversible error and this case is hereby AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.