ON HEARING EN BANC
FERGUSON, Judge.
The State appeals from a final order setting aside the estreature of a bail bond and discharging the surety.
American Bankers Insurance Company (the surety) wrote a $25,000 bail bond assuring the court appearance of Orestes Saiz, accused in a criminal information of trafficking in cocaine. When Saiz failed to appear for trial the court estreated the bond and issued a capias.[1]
No notice was given the surety of the defendant’s original trial date as required by section 903.26(l)(b), Florida Statutes (1987).[2] On the surety’s oral motion, the court entered a final order setting aside the estreature and discharging the surety. The question presented is whether prejudice is presumed as a matter of law, for the purpose of discharge on an appearance bond, where the surety is not given written pre-forfeiture notice.[3]
Relying on Wiley v. State, 451 So.2d 916 (Fla. 1st DCA 1984), the State contends that while failure to provide notice does entitle a surety to have a bond forfeiture vacated it does not entitle the surety to have the bond discharged unless the surety proves by competent evidence that it was prejudiced by the State’s failure to comply with the required notice provisions. See also Dependable Ins. Co. v. Union County, 509 So.2d 1228 (Fla. 1st DCA 1987).
The surety, on the other hand, citing, Resolute Ins. Co. v. State, 269 So.2d 770 (Fla. 3d DCA 1972), as the controlling law in the third district, maintains that the trial court correctly cancelled the bond on an application of strict contract principles.
We approve the reasoning and holding in Wiley. A surety may be entitled to discharge on its bond where there is a showing by competent evidence that the State’s conduct' in failing to comply with the statutory notice requirements of section 903.26(l)(b) caused prejudice. However, lack of pre-forfeiture notice, without prejudice, is not a valid reason for relieving a surety of all obligations on the bond. Further, prejudice will not be presumed from a failure to give the surety notice of the trial date. In this case, as in Wiley, no evidence of resultant prejudice was submitted in support of the motion for dis *210 charge. Our earlier opinion in Resolute — to the extent it presumed prejudice from a failure to notify the surety of the original trial date — is overruled.
Accordingly, that part of the final order which sets aside the estreature of the bond is affirmed, that part of the order which discharges the surety is reversed, and the cause is remanded for further consistent proceedings.

. Capias, Latin for "That you take," is the general name for several species of writs, the common characteristic of which is that they required the sheriff to take the body of the defendant into custody. Black’s Law Dictionary 188 (5th ed. 1979).

. Notice of new trial dates was sent to both the defendant and the surety by an order, entered on the surety’s motion, continuing the hearing scheduled for August 21, 1987. The court clerk testified that re-forfeiture of the bond was delayed for several months because of the surety’s repeated requests for extensions.

.We held in Allied Fidelity Ins. Co. v. State, 415 So.2d 109 (Fla. 3d DCA 1982), that the lack of a post-forfeiture notice is not a sufficient basis for relieving a surety of its obligations under the bond.