COBB, Judge.
The issue on this appeal is whether the trial court properly forfeited a defendant’s appearance bond where no advance notice was given to the bondsman to produce the defendant. The applicable statutory provision is section 903.26(l)(b), Florida Statutes (1989), which specifically states that a bail bond shall not be forfeited unless:
The clerk of the court gave the surety at least 72 hours notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within 72 hours from the time of arrest, or if the time is stated on the bond.
The facts in the instant case show that one Raschad Oliphant was charged with sale/possession of cocaine and conspiracy to sell cocaine (Case No. 89-269-CF-M), *1244 sale/possession of cocaine (Case No. 89-270-CF-M), and sale/possession of cocaine (Case No. 89-146-CF-M). On May 18, 1989, the trial court set a blanket bond amount of $15,000.00 for all of these charges. A general surety appearance bond was executed by Accredited Surety and Casualty Company, Inc., and the time for appearance was listed as “T.B.N.” On June 30, 1989, the defendant was found guilty of both counts regarding Case Number 89-146. Apparently, a presentence investigation was ordered and sentencing in that case was scheduled for August 22, 1989. The defendant was given until 7:00 p.m. on that day to report to jail. The defendant failed to report to the jail as ordered and, additionally, did not appear for pretrial proceedings scheduled for July 6, 1989, in regard to Case Nos. 89-269 and 89-270.
On July 13, 1989, the trial court filed an order for estreature in regard to all three ease numbers. On September 8, 1989, Accredited filed a “Motion to Set Aside Bond Forfeiture” on the grounds that the clerk of the court had not given notice to the surety at least 72 hours prior to the time of the required appearance by the defendant. The trial court denied this motion, and this appeal ensued.
We first note that an original appearance bond does not apply to appearances after an adjudication of guilt or innocence. In addition, the original appearance bond does not guarantee deferred sentences, appearances during or after a pre-sentence investigation, appearances during or after appeals, or appearances after admission to a pretrial intervention program. Finally, the original appearance bond does not guarantee the payment of fines or attendance at educational or rehabilitative facilities. See § 903.31, Fla.Stat. (1989).
In the instant case, it is clear that the forfeiture'of the original appearance bond was improper insofar as it was based on the defendant’s failure to report to the prison after being found guilty in Case No. 89-146 and during the time of the presen-tence investigation.
Failure to appear for pretrial proceedings in Case Numbers 89-269 and 89-270 were also cited as grounds for forfeiture. This reason would normally suffice if the notice requirement had been met. The notice requirements of 903.26(l)(b) are a strict prerequisite to a bond forfeiture. Allied Fidelity Insurance Company v. State, 499 So.2d 932, 934 (Fla. 1st DCA 1986); Southland Insurance Company, Surety v. State, 497 So.2d 1331 (Fla. 4th DCA 1986); Accredited Surety & Casualty Co., Inc. v. Hagman, 467 So.2d 1065 (Fla. 4th DCA 1985); Allied Fidelity Insurance Company v. State, 415 So.2d 109, 111 (Fla. 3d DCA 1982); Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981); Schaefer v. State, 369 So.2d 443 (Fla. 3d DCA 1979); Bankers Fire & Casualty Company v. State, 303 So.2d 39 (Fla. 1st DCA 1974), cert. denied, 423 U.S. 939, 96 S.Ct. 300, 46 L.Ed.2d 271 (1975); Bailey v. State, 282 So.2d 32 (Fla. 1st DCA 1973); Resolute Insurance Company v. State, 269 So.2d 770 (Fla. 3d DCA 1972), overruled, State v. Saiz, 547 So.2d 208 (Fla. 3d DCA 1989); Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969); see also Ryan v. State, 380 So.2d 539, 541 (Fla. 5th DCA 1980).
Here, the record indicates that no notice was ever given to the bondsman in order to produce the defendant for the July 6, 1989 pretrial proceedings. The cases cited by the appellee are factually distinguishable. Dependable Insurance Company, Inc. v. Union County, 509 So.2d 1228 (Fla. 1st DCA 1987) (the bondsman did receive proper pretrial notice under 903.-26(1)(b) and it was subsection (2) that was at issue); Accredited Surety & Casualty Co., Inc. v. Hagman, 467 So.2d 1065 (Fla. 4th DCA 1985) (notice provisions of 903.-26(1)(b) do not apply to continuances of less than 72 hours).
For the foregoing reasons, the order of the trial court denying the appellant’s motion for remission following a bond estrea *1245 ture must be reversed. See State v. Saiz, 547 So.2d 208 (Fla. 3d DCA 1989).[1]
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
DAUKSCH and PETERSON, JJ., concur.

. While failure to provide notice pursuant to section 903.26(l)(b) does entitle a surety to have a bond forfeiture vacated, it does not entitle the surety to have the bond discharged unless the surety proves by competent evidence that it was prejudiced by the state’s failure to comply. Wiley v. State, 451 So.2d 916 (Fla. 1st DCA 1984).