PER CURIAM.
The plaintiffs, Theodore M. Prida and Howard Valdemar Strong, appeal from adverse final summary judgments. We affirm.
Transamerica Insurance Finance Corporation [TIFCO], a premium finance company, mailed the insured a notice of cancellation stating that the motor vehicle liability insurance policy was cancelled. As required by Section 627.848(3), Florida Statutes (1993),[1] *764 the notice of cancellation contained language advising the insured that certain insurance coverage is required by the financial responsibility law. Section 627.848(3). also requires that this language be “in type or print of which its face shall not be smaller than 12 points.” In the instant case, the required language was set forth in the notice of cancellation in contrasting red color. The language, however, was only in 9.5 point type.
The plaintiffs moved for summary judgment arguing that the 12-point type requirement of Section 627.848(3) is mandatory. The plaintiffs further allege that because TIFCO failed to strictly comply with the 12-point type requirement, the insurance policy was not cancelled. TIFCO moved for summary judgment. The trial court granted their motion finding that the 12-point type requirement was permissive. These appeals follow.
The only issue in these appeals is whether the 12-point type requirement of Section 627.848(3) is mandatory or permissive. We find that it is permissive, and therefore, affirm the final summary judgments.
Under the circumstances of the case, we find that the use of the smaller type size did not nullify the notice. Section 627.848(1) provides for two types of notices. First, a notice of intent to cancel,[2] and second, the notice of cancellation. § 627.848, Fla.Stat. (1993). The language in question is required to be on the notice of cancellation only. The notice of cancellation is a confirmation that the policy is cancelled for non-payment in accordance with the premium finance agreement. The language in question merely advises the insured that “proof of financial responsibility is required to be maintained continuously for a period of 3 years, pursuant to chapter 324, and the operation of vehicle without such financial responsibility is unlawful.” This language is not a condition precedent to cancellation since cancellation has already been accomplished. Further, as the plaintiffs acknowledged at oral argument, Section 627.848(3) does not provide for the consequences of a violation of that section. Accordingly, we find that the 12-point type requirement is permissive and that the trial court properly granted summary judgment in favor of TIFCO. See Allied Fidelity Ins. Co. v. State, 415 So.2d 109, 110-11 (Fla. 3d DCA 1982).
Affirmed.
BARKDULL and GODERICH, JJ., concur.

. Section 627.848(3), Florida Statutes (1993), provides as follows:
Every notice of cancellation shall include, in type or print of which its face shall not be smaller than 12 points, a statement that, if the insurance contract or contracts provide motor vehicle liability insurance required by the financial responsibility law, proof of financial responsibility is required to be maintained continuously for a period of 3 years, pursuant to chapter 324, and the operation of a vehicle *764 without such financial responsibility is unlawful.

. The parties do not dispute that the notice of intent to cancel complied with Section 627.848, Florida Statutes (1993).