POLSTON, J.,
dissenting.
I agree with the Fourth District Court of Appeal that consecutive sentences are mandatory under the plain meaning of the statute and would answer the certified question in the affirmative. Therefore, I respectfully dissent.
Section 775.087(2)(a)2., Florida Statutes, provides that a person who is convicted of committing, or attempting to commit, any of several enumerated felonies, including aggravated assault, and who, while committing the offense, discharged a firearm, “shall be sentenced to a minimum term of imprisonment of 20 years.” Additionally, section 775.087(2)(d) (emphasis added) provides that:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to-the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
The plain language of section 775.087(2)(d) mandates consecutive sentencing. The Legislature’s use of the mandatory term “shall,” coupled with the fact that the. provision contains no exceptions, is a clear indication that the Legislature intended to require consecutive mandatory minimum sentences even if the offenses arise from a single criminal episode. See Allied Fidelity Ins. Co. v. State, 415 So.2d 109, 111 (Fla. 3d DCA 1982) (“[Wjhere ‘shall’ refers to some required action preceding á possible deprivation of a substantive right, or the imposition of a legislatively-intended penalty, or action to be taken for the public benefit, it is held to be mandatory.” (internal citations omitted)); see also Dunbar v. State, 89 So.3d 901, 906 n. 5 (Fla.2012) (explaining that, because of the use of the word “shall” in section 775.087(2), a trial court has “no discretion ... in deciding whether to impose mandatory minimum terms”).
Furthermore, when the mandatory language of “shall” is considered along with section 775.087(2)(d)’s express statement of legislative intent — “that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law” — it clearly demonstrates that the Legislature intended for the mandatory mínimums provided for in the 10-20-Life statute to be imposed consecutively so that the harshest penalty could be imposed on individuals who use firearms during the commission of certain crimes.
*997 Accordingly, I would hold that, under the plain language of section 775.087(2)(d), consecutive mandatory minimum sentences are required even if the sentences arise from a single criminal episode. I would answer the certified question in the affirmative and approve the Fourth District’s decision. Therefore, I respectfully dissent.